## (August 11, 1983)

■ KEVIN FARMER, Respondent, v A & T BUS CO., INC., Doing Business as ACADEMY BUS LINES, et al., Appellants, and MARGARET HANAHOE, Respondent, et al., Defendant. EILEEN YEAMANS et al., as Administrators of the Estate of MICHAEL YEAMANS, Deceased, Respondents, v A & T BUS CO., INC., Also Known as A & T BUS CO., Doing Business as ACADEMY BUS LINES, et al., Appellants, and MARGARET HANAHOE, Respondent, et al., Defendant. — Orders, Supreme Court, Bronx County (Mercorella, J.), entered July 30, 1982 and October 14, 1982 which, respectively, denied the motion of defendants A & T Bus Co., Inc., and Cintron to set aside the verdict on the issue of liability and granted plaintiffs' motions to set aside the verdict on the issue of damages, and ordered separate retrials on the issue of damages only, are unanimously modified, on the law and the facts, to the extent of ordering a consolidated trial on all issues as to all parties, with costs to abide the event, and are otherwise affirmed. Appeals from the two judgments of said court entered on July 15, 1982 are dismissed as moot, without costs. Appeal from order, Supreme Court, Bronx County (Cotton, J.), entered on July 16, 1982 which denied defendants' motion for a stay of the retrial on damages is dismissed, without costs, as academic. These two actions, which were consolidated for trial, involve claims for personal injuries and wrongful death, arising from the August, 1980 collision of an automobile owned by defendant Hanahoe and driven by defendant Nespolini, with a bus owned by defendant-appellant A & T Bus Co., and driven by defendant-appellant Cintron. Plaintiffs claim that both Nespolini and Cintron were negligent in varying degrees, and that their combined negligence caused the accident herein. It was plaintiff's position that Nespolini, who died as a result of his injuries, had been drinking and had been driving at an excessive rate of speed; that he had a brain alcohol level of .06 gram per cent and a Methaqualone derivative in his bile. Plaintiffs also contended that Cintron was driving at an excessive rate of speed and failed to observe the oncoming Nespolini car as he entered the intersection. Defendants A & T and Cintron contested liability asserting that Cintron was driving at a normal rate of speed through the intersection and that Nespolini drove through a red light before striking the bus. Thus, they argue that Nespolini was the sole cause of the accident. The jury returned a verdict of $35,000 in favor of plaintiff Farmer and the sum of $35,000 for conscious pain and suffering and $15,000 for wrongful death in favor of the estate of Michael Yeamans. In apportioning liability, the jury attributed 20% to Farmer and Yeamans and 80% to A & T Bus Co., Cintron and the estate of Nespolini. As among the defendants, the jury apportioned 3.5% to A & T and Cintron and 96.5% to Nespolini's estate. The trial court denied defendants' motion to set aside the verdict as to liability, but found the award of damages shockingly low, particularly in view of the fact that although the parties stipulated that Yeamans' special damages were $189,000, his estate was only awarded $50,000. A new trial was ordered on the issue of damages. The new trial should be as to both liability and damages and as to all parties. Where "[t]he issue of liability was sharply and substantially contested [and] [p]laintiff's injuries were serious and the jury's award inexplicably low for such serious injuries" it is most likely that "the verdict * * * was * * * a compromise verdict, in [that] in

addition to finding plaintiff partially responsible for the accident, the jury also compromised on liability and damages by finding the total amount of plaintiff's injuries much too low." (*Woods v J. R. Liquors,* 86 AD2d 546, 547.) Where there is a substantial likelihood that the jury's verdict results from a trade off on a finding of liability, in return for a compromise on damages, the retrial should be on all issues. (*Figliomeni v Board of Educ.,* 38 NY2d 178.) Concur — Murphy, P. J., Kupferman, Sandler, Sullivan and Alexander, JJ.