■ ADRIAN PATRICK, Appellant-Respondent, v NEW YORK BUS SERVICE, INC., et al., Respondents-Appellants.—Judgment of the Supreme Court, Bronx County (Bernard Burstein, J.), entered on or about August 5, 1991, which granted plaintiff's motion to set aside the jury verdict as inadequate unanimously reversed, on the law, and the matter remanded for a new trial, without costs.

Plaintiff seeks damages for personal injuries sustained when the left handlebar of his motorcycle came into contact with the side of defendant's bus. Plaintiff was travelling on Bartow Avenue, a divided roadway with three lanes in each direction plus parking lanes at each curb. Plaintiff, riding in the right lane, moved into the middle lane in order to pass slower moving cars and then moved back to the right lane whereupon he encountered a double-parked car. Plaintiff swerved back into the middle lane striking the right side of defendant's bus and careened into the double-parked car to his right. Plaintiff sustained a fracture of the right femur, right knee, and right tibia.

The jury found both parties negligent, apportioning liability 50% to each. Plaintiff was awarded $5,000 for past pain and suffering, nothing for future pain and suffering, $2,600 for loss of earnings and $750 for future medical expenses. Supreme Court increased the damages awarded for pain and suffering to $10,000 and for future medical expenses to $1,500.

On appeal, defendant contends that a new trial on the issues of both damages and liability is necessary on the ground that the verdict is against the weight of the evidence. Plaintiff asserts that the damages recovered are inadequate.

As this Court stated in *Farmer v A & T Bus Co.* (96 AD2d

783, 783-784), "Where '[t]he issue of liability was sharply and substantially contested [and] [p]laintiff's injuries were serious and the jury's award inexplicably low for such serious injuries' it is most likely that 'the verdict * * * was * * * a compromise verdict, in [that] in addition to finding plaintiff partially responsible for the accident, the jury also compromised on liability and damages by finding the total amount of plaintiff's injuries much too low' " (quoting *Woods v J. R. Liqs.*, 86 AD2d 546, 547). Retrial is mandated on all issues where there is a strong likelihood that the jury verdict results from a trade-off on a finding of liability in return for a compromise on damages *(supra)*. In the instant case, if causality is established between the accident and the injury, the award is inadequate, and if no causality exists, the award is unwarranted and ipso facto excessive *(Parlato v Semmes Motors*, 38 AD2d 844). Therefore, it is apparent that the jurors compromised their views in arriving at the agreed upon award *(supra)* and a new trial is required. Concur—Sullivan, J. P., Carro, Rosenberger and Rubin, JJ.