■ GEORGIANNA COCHETTI, Respondent, v EDWARD GRALOW et al., Doing Business as VINEWOOD LAUNDROMAT, Appellants. [597 NYS2d 234] —Harvey, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered February 10, 1992 in Schenectady County, which, inter alia, granted plaintiff's motion to set aside the verdict with respect to the amount of her future damages and ordered a new trial on that issue.

On February 13, 1985, plaintiff sustained injuries to her left knee when she slipped and fell on ice on defendants' property in the City of Schenectady, Schenectady County. Plaintiff sought emergency treatment as a result of the fall and she returned to work the next week. However, after plaintiff continued to experience pain and swelling just below her left kneecap, her family physician referred her to John Dolan, an orthopedic surgeon who had treated plaintiff in 1984 for inflammation of the same knee. Dolan determined that the swelling under plaintiff's kneecap was due to a lump or cyst that he opined developed because of the February 1985 fall. When the lump continued to grow, Dolan performed surgery to excise it. In October 1985 the lump began to recur but Dolan decided in December 1985 to leave it alone and to check it several months later. According to plaintiff, her knee became worse between 1986 and 1987 but she did not see Dolan because his previous bills were unpaid. Thereafter, on February 5, 1987, plaintiff was struck on her left side by an automobile. Dolan examined plaintiff after the accident and noticed no contusions or fluid on the knee or other significant problems. Nevertheless, because the lump in her left knee had grown larger Dolan performed an arthroscopic procedure to remove it. At that time Dolan discovered a partial tear of the cartilage in the left knee which was not evident in the first surgery and which Dolan opined plaintiff suffered as a result of the car accident. He further opined that the second hospitalization resulted half from the car accident and half from the slip and fall. Dolan stated that, as a result of the fall, plaintiff had "traumatic exostosis of the bone" and "chondromalacia of the patella". Dolan considered plaintiff's injury a mild permanent disability which might require future surgery.

Thereafter, in May 1987, plaintiff commenced this action

against defendants alleging that their negligent maintenance of their property caused her problems with her knee. Following a trial, the jury returned a verdict finding defendants 60% liable and plaintiff 40% liable for the slip and fall. The jury awarded plaintiff $10,000 for pain and suffering, $10,000 for medical expenses and $16,000 for lost earnings, all of which were from the date of the fall to the date of the verdict. Plaintiff was awarded nothing for future damages and then moved pursuant to CPLR 4404 (a) to set aside the verdict in that respect. Supreme Court granted plaintiff's motion and ordered a new trial on the issue of future damages. This appeal by defendants followed.

The issue of defendants' liability is not contested here. Nevertheless, defendants contend that Supreme Court improperly set aside the jury's verdict with respect to the issue of future damages. While Supreme Court's discretionary power to intercede in damage awards should be exercised sparingly (see, Shurgan v Tedesco, 179 AD2d 805, 806), it is now settled law that Supreme Court can appropriately overturn a jury's money verdict where it "materially deviates" from what is considered reasonable compensation (CPLR 5501 [c]; see, Wendell v Supermarkets Gen. Corp., 189 AD2d 1063, 1064). Upon reviewing the record in this case, we conclude that Supreme Court did not improvidently exercise its discretion in overturning the jury's money verdict with respect to future damages. The jury was presented with conflicting evidence and theories as to what caused plaintiff's injuries and it is possible that it was confused by the issue of what injuries were caused by the slip and fall and what were caused by the later car accident. Nevertheless, if the testimony of plaintiff and Dolan concerning the slip and fall and the resulting permanency of her injuries was credited, it appears that the jury's refusal to award future damages was inconsistent with its finding of past damages. If such was the case then it is more than likely that the verdict was a compromise verdict as opposed to one reflecting a true comprehension of the relevant issues (cf., Patrick v New York Bus Serv., 189 AD2d 611). For this reason, we deem it appropriate to proceed one step further than Supreme Court and remit the matter for a new trial on all issues of damages. In that way we can be sure that the jury properly considers all relevant issues on damages without resort to a seemingly inconsistent compromise.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as ordered a new trial on the sole

issue of future damages; matter remitted to the Supreme Court for a new trial on all issues of damages; and, as so modified, affirmed.