■ MICHAEL J. GRASSO et al., Appellants-Respondents, v AMERICAN BRASS COMPANY, L. P., et al., Respondents-Appellants and Third-Party Plaintiffs. SAFETY-KLEEN CORPORATION, Third-Party Defendant-Respondent-Appellant. (Appeal No. 1.) [624 NYS2d 690] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted to plaintiff Michael J. Grasso on future damages for pain and suffering, medical expenses and lost wages only in accordance with the following Memorandum: Michael J. Grasso (plaintiff) slipped while cleaning a solvent spill at the premises of defendant American Brass Company, L.P. A jury apportioned fault as follows: 60% against plaintiff, 30% against defendant American Brass and its successor in interest, defendant Outokumpu American Brass, Inc., and 10% against third-party defendant Safety-Kleen Corporation (Safety-Kleen). The jury awarded plaintiff $175,000 for past damages (pain and suffering, medical expenses, lost wages and household economic loss), but awarded no future damages. Plaintiffs contend that the jury's award deviates materially from what would be reasonable compensation.

We agree with plaintiffs that the jury's award of no future damages for pain and suffering, medical expenses and lost

wages is contrary to a fair interpretation of the evidence and constitutes a material deviation from what would be reasonable compensation *(see, Laylon v Shaver,* 187 AD2d 983; *Fitzgibbons v New York State Univ. Constr. Fund,* 177 AD2d 1033; CPLR 5501 [c]). The evidence is undisputed that plaintiff suffered at least a partial disability as a result of the accident, would require future medical treatment for his injuries, and would be unable to perform work that required heavy lifting. Because the jury awarded past damages, it must have concluded that plaintiff was injured as a result of the accident. Therefore, we grant a new trial to plaintiff on future damages for pain and suffering, medical expenses and lost wages only.

We have considered the other contentions raised by the parties and conclude that they are without merit. (Appeals from Judgment of Supreme Court, Erie County, Glownia, J.— Negligence.) Present—Denman, P. J., Balio, Lawton, Callahan and Doerr, JJ.