■ JOHN FENOCCHI et al., Appellants, v CITY OF SYRACUSE, Respondent. (Appeal No. 1.) [629 NYS2d 580] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past and future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the award of damages for past pain and suffering to $40,000 and for future pain and suffering to $150,000, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: John Fenocchi (plaintiff) was injured when he stepped off the back of his friend's motorcycle and placed his foot on the inside of a vent pipe on a city street. Plaintiff sustained a trimalleolar fracture of the ankle that was complicated by a rupture of the septum between the tibia and the fibula. As a result of the fracture, the movement of plaintiff's ankle was limited to half its normal range. Plaintiff also suffered from post-traumatic arthritis as a result of the injury. Every medical expert agreed that plaintiff suffered a permanent partial disability.

The jury returned a verdict awarding plaintiff $6,226.55 for medical expenses, $62,614.36 for lost earnings, $3,000 for future medical expenses, $127,527.40 for future lost earnings, $6,000 for loss of services and $16,500 for past pain and suffering, but nothing for future pain and suffering. The jury found that defendant was 35% negligent and that plaintiff was 65% negligent.

We conclude that the award of $16,500 for past pain and suffering deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]). Plaintiff testified that he was in pain for approximately six months after the accident. He was required to use crutches for one year and a cane for almost two years. At the time of trial, his ankle was still painful and swollen.

Additionally, there was no evidence to support the finding that plaintiff was not entitled to compensation for future pain and suffering (see, Powell v New York City Tr. Auth., 186 AD2d 728). It was uncontroverted that plaintiff was in pain at the time of the trial, and that the pain would continue. We, therefore, modify the judgment on appeal by vacating the award of damages for past pain and suffering and the jury's finding of no damages for future pain and suffering, and we grant a new trial on damages for past and future pain and suffering only unless defendant, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to increase the award of damages for past pain and suffering to $40,000 and for future pain and suffering to $150,000, in which event the judgment is modified accordingly. (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Negligence.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.