■ CARLOS TORRES, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant. [641 NYS2d 402] —In an action to recover damages for personal injuries, the plaintiff appeals and the defendant cross appeals, as limited by their briefs, from an order of the Supreme Court, Kings County (Ramirez, J.), dated June 22, 1994, which granted the defendant's motion to the extent of setting aside a jury verdict in favor of plaintiff and against it in the principal sum of $6,177,576 ($177,576 for past medical expenses and $6,000,000 for future pain and suffering) and ordering a new trial on the issues of liability and damages.

Ordered that the order is affirmed insofar as appealed and cross appealed from, without costs or disbursements.

The trial court properly set the verdict aside and ordered a new trial on the issues of liability and damages. The verdict awarding the plaintiff $6,000,000 for future pain and suffering and nothing for approximately 11 years of past pain and suffering is irreconcilably inconsistent, and there is a strong likeli-

hood that the verdict was an impermissible compromise based on sympathy for the plaintiff. Since liability was established, an award of nothing for past pain and suffering is inadequate for the concededly serious injuries that the plaintiff suffered. Moreover, if no liability had been established, then the awards of damages for future pain and suffering and for past medical expenses are unwarranted (see, *Patrick v New York Bus Serv.*, 189 AD2d 611, 612; *Sheffield v New York City Hous. Auth.*, 200 AD2d 369; *Cochetti v Gralow*, 192 AD2d 974).

Given the need for a new trial, it is unnecessary for us to reach the issue of the inadequacy or excessiveness of the damages in this case.

We have examined the parties' remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.