■ NANCY HORTON et al., Appellants, v ASSOCIATES IN OBSTETRICS AND GYNECOLOGY, P. C., et al., Respondents. [645 NYS2d 354] —Mercure, J. Appeal from an order and judgment of the Supreme Court (Canfield, J.), entered April 6, 1995 in Rensselaer County, upon a verdict rendered in favor of defendants.

In this medical malpractice action, which was tried in March 1995, the sole contention advanced on plaintiffs' appeal relates to the method of jury selection imposed by Supreme Court. Specifically, Supreme Court required the parties to utilize a method whereby plaintiffs' counsel was permitted 30 minutes (subsequently enlarged to 60 minutes) to question the first round of 12 prospective jurors and was then required to exercise his peremptory challenges prior to similar questioning and peremptory challenges by defendants' counsel. The jurors surviving the first round were sworn in and removed to a separate room. The process then continued with round two, conducted in the same fashion except that the questioning by each side was limited to 30 minutes. Utilizing that methodology, two rounds of questioning yielded six jurors and two alternates.

At the start of trial, plaintiffs complained that the process, particularly the severe time limitations, deprived them of proper legal representation and the right to a fair and impartial jury. Plaintiffs' greatest concern was that the process resulted in the selection of an alternate juror (juror No. 8) who was employed at a major area medical center. Based upon the foregoing, plaintiffs moved for a mistrial or, in the alternative, that juror No. 8 be struck. Supreme Court denied plaintiffs'

motion for a mistrial but, as an accommodation to plaintiffs, offered to question juror No. 8 in chambers to determine whether he had any predisposition concerning medical malpractice claims. Plaintiffs readily agreed to that arrangement and the further suggestion that the juror would be excused if found to harbor undue prejudice. Supreme Court's questioning of juror No. 8 disclosed no evidence of partiality, however, and plaintiffs then indicated that they were satisfied.

The subsequent trial resulted in a verdict in favor of defendants and plaintiffs now appeal, asserting that Supreme Court erred in denying their motion for a mistrial. We disagree. First, plaintiffs point to no persuasive legal authority for the contention that Supreme Court was not empowered to direct the manner of jury selection or to impose time limitations on the questioning of prospective jurors. In fact, at the time of this trial, the Chief Administrator of the Courts was in the process of promulgating rules not only authorizing but requiring Trial Judges to direct the method of jury selection and to establish time limitations for the questioning of prospective jurors during the voir dire (*see,* 22 NYCRR 202.33 [c], [d]). Nor are we persuaded that plaintiffs were prejudiced by the time limitations actually fixed by Supreme Court (*see, People v Jean,* 75 NY2d 744; *People v Boulware,* 29 NY2d 135, *cert denied* 405 US 995; *People v Garrow,* 151 AD2d 877, *lv denied* 74 NY2d 948). Notably, plaintiffs' conclusory claims identify no juror other than juror No. 8, an alternate juror who plaintiffs accepted and who took no part in the deliberations.

White, Casey and Peters, JJ., concur; Cardona, P. J., not taking part. Ordered that the order and judgment is affirmed, without costs.