■ ERNEST W. KENNETT, Appellant, v EUGENE PIOTROWSKI et al., Respondents and Third-Party Plaintiffs. BESROI CONSTRUCTION CORP., Third-Party Defendant-Respondent. (Appeal No. 1.) [651 NYS2d 820] —Judgment unanimously reversed on the law with costs, motion granted and new trial granted on damages only. Memorandum: Supreme Court should have granted plaintiff's CPLR 4404 motion to set aside the jury verdict and directed a new trial on the issue of damages. The record establishes that plaintiff was granted summary judgment against defendants on the issue of liability for personal injuries

he sustained as a result of a fall from a ladder on July 20, 1990. At the trial, plaintiff established that the fall had caused injuries to his left knee. Plaintiff testified that, immediately after injuring his knee, he could not stand and that he drove himself to the hospital. At the hospital, plaintiff's knee was wrapped, pain medication was prescribed, and plaintiff was instructed to contact his personal physician. Plaintiff described his injury as painful. Upon seeing his personal physician, plaintiff was advised to stay off his leg and keep his knee elevated. A few months later, plaintiff was sent for physical therapy by his new personal physician. Plaintiff testified that his knee was stiff and he continued to have a throbbing pain in his knee. In December 1990 plaintiff sought further medical attention at the Erie County Medical Center, and in March 1991 out-patient surgery was performed on his knee. The medical evidence at trial established that plaintiff may have been capable of returning to light duty work as early as November 1990 and was capable of returning to work approximately one year after the accident. The jury verdict awarded plaintiff damages of $15,000 for lost wages but did not award him any damages for pain and suffering. Because the undisputed evidence establishes that plaintiff suffered an injury to the knee that required medical treatment, including surgery, and partially disabled him from working, the jury's failure to award damages for pain and suffering is contrary to a fair interpretation of the evidence and constitutes a material deviation from what would be reasonable compensation (*see, Grasso v American Brass Co.*, 212 AD2d 994; *Laylon v Shaver*, 187 AD2d 983; *see also, Fenocchi v City of Syracuse*, 216 AD2d 864). Consequently, plaintiff is entitled to a new trial on damages. (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Damages.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.