■ EDWARDA RAMOS, Appellant, v THE NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [721 NYS2d 21] —Judgment, Supreme Court, New York County (Louis York, J.), entered December 3, 1999, upon a jury verdict, which awarded plaintiff the sum of 40% of $2,300, totaling $920, plus interest, as compensation for her past medical expenses as against defendant New York City Housing Authority (NYCHA) and which awarded judgment in favor of defendant Metropolitan Construction Corp., unanimously modified, on the law, to the extent of remanding the matter to Supreme Court for a new trial as to damages and, except as so modified, affirmed, without costs.

Plaintiff, a 72-year-old resident of housing operated and maintained by defendant NYCHA, fell on ice while descending the steps in front of the management office, sustaining a fracture of the lateral malleolus of the right ankle. She testified that ice formed from water dripping from a protective covering constructed of wooden planking and corrugated metal that had been erected over the walkway by defendant Metropolitan Construction Corp. A NYCHA supervisor testified that,

at approximately 2:30 P.M. on the date of the accident, he dispatched a worker to place salt and sand on the ice but, by the time the worker arrived, plaintiff had already fallen.

Plaintiff testified that her leg was in a cast for six weeks, and she was confined to her home for a period of eight weeks; she continued to experience pain in her injured ankle and arthritic knee; she was regularly prescribed pain killers and attended physical therapy 2 to 3 times a week for a year; and, as a result of the injury, she was no longer able to go dancing or to socialize as frequently. Her treating orthopedist testified that the fall was the proximate cause of her fractured right ankle and had aggravated a previously asymptomatic arthritic right knee. He further confirmed plaintiff's continuing complaints of pain and his prescription of pain killers and antiinflammatory medication, stating his opinion that plaintiff's ankle required arthroscopic surgery. The physician further opined that plaintiff would experience chronic pain on a permanent basis.

Defendants offered no medical evidence to refute or discredit these claims. The jury returned a verdict apportioning negligence 60% against plaintiff and 40% against defendant NYCHA. The jury awarded a total of $2,300, representing compensation for past medical expenses. Immediately following discharge of the jury, plaintiff moved to "set aside the verdict as inconsistent."

Generally, failure to move to set aside the verdict as inconsistent prior to discharge of the jury renders the claim unpreserved for appellate review (*see, Barry v Manglass,* 55 NY2d 803, 806; *Pelosi v TJA Maintenance Programming,* 247 AD2d 453; *Gribbon v Missionary Sisters of the Sacred Heart,* 244 AD2d 185; *cf., Vera v Bielomatik Corp.,* 199 AD2d 132, 133). However, in light of the uncontroverted testimony, "the jury's failure to award damages for pain and suffering is contrary to a fair interpretation of the evidence and constitutes a material deviation from what would be reasonable compensation (*see, Grasso v American Brass Co.,* 212 AD2d 994; *Laylon v Shaver,* 187 AD2d 983; *see also, Fenocchi v City of Syracuse,* 216 AD2d 864)" (*Kennett v Piotrowski,* 234 AD2d 983, 984). Therefore, a new trial is required on the issue of damages. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Rubin and Saxe, JJ.