■ Mark Myers et al., Respondents, v S. Schaffer Grocery Corporation, Appellant. [721 NYS2d 347] —Order, Supreme Court, Bronx County (George Friedman, J.), entered March 8, 1999, which granted plaintiff's motion for a new trial unless defendant stipulated to increase the awards for past and future pain and suffering from $0 and $0 to $300,000 and $120,000, respectively, and to an equal apportionment of fault between plaintiff and defendant in lieu of the jury's apportionment of 75% against plaintiff and 25% against defendant, and denied defendant's motion to set aside the award in favor of plaintiff's wife for plaintiff's medical expenses, unanimously modified, on the law, to the extent of denying that part of the order seeking to set aside the jury's apportionment of fault, reinstating the jury's apportionment, and otherwise affirmed, without costs.

Following the trial in this action, the court properly set aside the jury's findings that plaintiff did not and will not suffer any pain and suffering as a result of this accident, where the evidence showed that plaintiff sustained a knee injury that required substantial medical treatment, including surgery, and the jury awarded damages for past and future medical expenses (*see, Kennett v Piotrowski*, 234 AD2d 983; *Schaefer v RCP Assocs.*, 232 AD2d 286). Although defendant's expert testified that plaintiff's injury was preexisting, the jury necessarily rejected that view, as indicated by its awards for past and future medical expenses and for loss of past and future earnings. The trial court's awards for past and future pain and suffering in lieu of a new trial do not deviate from what is reasonable compensation under the circumstances. Plaintiff suffered a tear in the posterior cruciate ligament and underwent arthroscopic surgery and several months of physical therapy. His knee has progressively worsened and is subject to further buckling. He was 33 years old at the time of the accident, and is no longer able to participate in strenuous sporting activities, as he had in the past, without feeling pain (*cf., e.g., Salop v City of New York*, 246 AD2d 305). Defendant's claim that the award for past medical expenses incurred by plaintiff's wife is duplicative of the award for plaintiff's past loss of earnings is not preserved for appellate review, since defendant did not object to the charge on lost wages or to the verdict sheet that listed as separate damage items plaintiff's lost wages and his wife's medical expenses. In any event, the record does not support defendant's contention that plaintiff's economist included the value of health insurance in the calculation of lost fringe benefits.

However, to the extent that the court vacated the jury's apportionment of liability, this was error. "[A] jury verdict in favor of [a] defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence" (*Marton v McCasland*, 16 AD2d 781, 782). Consistent with this rule, disputes as to the significance of the evidence and the credibility of witnesses are for the jury, rather than the court, to resolve (*see, Bernstein v Red Apple Supermarkets*, 227 AD2d 264, *lv dismissed* 89 NY2d 961; *Niewieroski v National Cleaning Contrs.*, 126 AD2d 424, *lv denied* 70 NY2d 602). Examination of the record in this case, especially the testimony of defendant's expert, shows there was more than sufficient evidence to support a finding that plaintiff was primarily responsible for the accident. Accordingly, the jury's apportionment of

fault should not have been disturbed. Concur—Rosenberger, J. P., Wallach, Saxe, Buckley and Friedman, JJ.