■ JUDITH CALIFANO, Appellant, v AUTOMOTIVE RENTALS, INC., et al., Respondents. [740 NYS2d 117] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Brandveen, J.), dated January 24, 2001, as, upon an order of the same court, entered October 5, 2000, which denied her motion pursuant to CPLR 4404 to set aside the jury verdict, awarded her total damages in the principal sum of only $51,247.96 (for past and future medical expenses and past loss of earnings) and failed to award her damages for past and future pain and suffering.

Ordered that the judgment is reversed insofar as appealed from, on the law, a new trial is granted on the issue of damages, and the matter is remitted to the Supreme Court, Nassau County, for a new trial as to all damages, with costs to abide the event.

The plaintiff commenced this action against the defendants to recover damages for personal injuries allegedly sustained in a motor vehicle accident. The jury apportioned fault 60% against the plaintiff and 40% against the defendant Gerald Rubin. The jury awarded the plaintiff (subject to the 60% reduction) $52,000 for past medical expenses, $67,200 for future medical expenses, $13,000 for past loss of earnings, and nothing for past and future pain and suffering. Following the trial,

the plaintiff moved to set aside the verdict, inter alia, on the grounds that the award of damages was against the weight of the evidence, irreconcilably inconsistent, and represented a compromise verdict. The Supreme Court denied the motion and a judgment was thereafter entered upon the jury verdict. We now reverse the judgment insofar as appealed from and remit the matter for a new trial on the issue of all damages, including past and future pain and suffering.

The trial court should have set the verdict aside and granted a new trial on the issue of damages (*see Myers v Schaffer Grocery Corp.,* 281 AD2d 156, 157; *Cadet v City of New York,* 238 AD2d 368; *Cochetti v Gralow,* 192 AD2d 974, 975; *Patrick v New York Bus Serv.,* 189 AD2d 611, 612). Although the plaintiff failed to preserve for appellate review her claim that the verdict was inconsistent because the claim was raised after the jury had been discharged (*see Barry v Manglass,* 55 NY2d 803; *Tesoro v Rozza,* 267 AD2d 227; *Pelosi v TJA Maintenance Programming,* 247 AD2d 453, 454), where the jury necessarily concludes that the plaintiff was injured as a result of the accident, "the jury's failure to award damages for pain and suffering is contrary to a fair interpretation of the evidence and constitutes a material deviation from what would be reasonable compensation" (*Ramos v New York City Hous. Auth.,* 280 AD2d 325, 326, quoting *Kennett v Piotrowski,* 234 AD2d 983, 984; *see Pares v LaPrade,* 266 AD2d 852; *Kriesel v May Dept. Stores Co.,* 261 AD2d 837; *Corsaro v Mt. Calvary Cemetery,* 258 AD2d 969; *Grasso v American Brass Co.,* 212 AD2d 994; *see also Laraby v Village of Potsdam Hous. Auth.,* 252 AD2d 603). Moreover, there is a strong likelihood that the verdict was an impermissible compromise (*see Rivera v City of New York,* 253 AD2d 597, 600; *Torres v City of New York,* 226 AD2d 701, 702). The jury was presented with conflicting evidence and theories as to the cause of the plaintiff's injuries, and it is possible that it was confused by the issue of what injuries were caused by the automobile accident and what injuries were preexisting. While the award of nothing for pain and suffering could be explained by evidence of preexisting injuries, if the jury credited the defendants' expert witnesses and concluded that the plaintiff sustained no further injury as a result of the automobile accident, then the awards of damages for past and future medical expenses and past loss of earnings would be unwarranted. If the jury concluded that the plaintiff sustained further injury as a result of the accident, then the award of nothing for past and future pain and suffering is inadequate (*see Cadet v City of New York, supra*; *Torres v City of New York, supra* at 702; *Cochetti v Gralow, supra* at 975; *Patrick v New York Bus Serv., supra* at 612).

Given the need for a new trial on the issue of damages, it is unnecessary for us to reach the issue of the inadequacy of the damages awarded in this case. Santucci, J.P., S. Miller, McGinity and Schmidt, JJ., concur.