DANIEL E. GILLESPIE, Appellant, v RENEE GIRARD, Respondent. [754 NYS2d 461] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Lomanto, J.), entered December 3, 2001 in Schenectady County, upon a verdict rendered in favor of plaintiff.

On October 13, 1998, plaintiff was a passenger in a motor vehicle that struck a building when it veered off Vley Road in the Village of Scotia, Schenectady County, while traveling at a high rate of speed. Plaintiff, who was thrown from the vehicle, was transported from the scene to Albany Medical Center, where he remained in a coma for approximately 30 days. Thereafter, he was treated as an inpatient at Sunnyview Rehabilitation Center until December 18, 1998 and as an outpatient until February 12, 1999. He accumulated medical bills exceeding $144,000 for injuries and treatment that included, inter alia, closed head injury, fractured vertebrae, fractured ribs, collapsed lung, tracheostomy tube insertion and gastrectomy tube insertion. Indeed, defense counsel stipulated at trial that plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102.

Following a trial, the jury apportioned 60% of responsibility for the accident to plaintiff, ostensibly crediting evidence that he had encouraged defendant to drive the vehicle after she had consumed a considerable number of alcoholic beverages and further encouraged her to exceed the speed limit. Supreme Court refused the request of plaintiff's counsel to charge the jury as to future pain and suffering, and the jury awarded zero damages for past pain and suffering. Plaintiff's motion pursuant to CPLR 4404 was denied and judgment was entered for 40% of the stipulated medical damages. Plaintiff appeals.

The award of zero damages for past pain and suffering must

be reversed. Where it is undisputed that an individual sustained injuries of the nature suffered by this plaintiff and defense counsel has stipulated that he sustained a serious injury under the no-fault law, the failure to award any damages for past pain and suffering constitutes a material deviation from reasonable compensation (*see Califano v Automotive Rentals*, 293 AD2d 436, 437; *Laraby v Village of Potsdam Hous. Auth.*, 252 AD2d 603, 604, *appeal dismissed* 92 NY2d 1002; *Kennett v Piotrowski*, 234 AD2d 983, 984; *see also Pares v La Prade*, 266 AD2d 852, 853).

Plaintiff further argues that Supreme Court erred in not charging the jury regarding future pain and suffering. Initially, we note that there is no indication that the stipulation regarding a serious injury was to a category based upon a permanent injury. At the trial, plaintiff did not testify about any current pain or medical problems, and the record on appeal, which was prepared by plaintiff, does not contain any medical or other evidence addressing any ongoing physical or medical problems of plaintiff. Indeed, the medical records introduced at trial have not been included in the record. We are thus constrained by the evidence in this record to conclude that it was proper not to charge the jury regarding future pain and suffering (*see Weber v William & James Drugs*, 199 AD2d 381, 382, *lv denied* 83 NY2d 760).

Defendant's argument that the complaint should have been dismissed has been considered and rejected.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as failed to award plaintiff damages for past pain and suffering; matter remitted to the Supreme Court for a new trial on said damages; and, as so modified, affirmed.