■ DAVID A. DEAN, Respondent, v SECURITY MUTUAL INSURANCE COMPANY, Appellant. [799 NYS2d 670]—

Crew III, J.P. Appeal from an order of the Supreme Court (Spargo, J.), entered June 2, 2004 in Rensselaer County, which granted plaintiff's motion to set aside the verdict on the issue of damages and ordered a new trial on that issue.

In 1986, plaintiff and his then spouse purchased an unimproved parcel of land in the Town of Stephentown, Rensselaer County, upon which they constructed a log cabin. In May 1995, plaintiff and his spouse divorced and, in conjunction therewith, plaintiff agreed to purchase her interest in the property for

$10,500. Plaintiff's now former wife died three days after the divorce was final and, in September 1995, plaintiff purchased her interest in the property from her estate for $10,000.

Plaintiff, who did not thereafter reside in the cabin, began fixing up the property and, in or about November 1995, apparently entered into an agreement to sell the property for $122,000. In early December 1995, plaintiff contacted an agent for defendant, who insured the property, and increased the overall insurance coverage thereon. Specifically, plaintiff raised the coverage on the structure from $65,000 to $90,000 and increased the coverage on the contents from $32,500 to $40,000. Shortly thereafter, during the early morning hours of December 30, 1995, the cabin and its contents were consumed by fire. The first firefighter to arrive at the scene observed a fresh set of footprints in the snow leading to and from the cabin, and a deputy sheriff subsequently searched the ruins with his K-9 partner, who indicated multiple "hits" of a combustible, flammable vapor residue. Although defendant thereafter paid the balance of the outstanding mortgage (approximately $58,000), it refused to pay any additional sums based, in part, upon its apparent belief that plaintiff had a hand in the fire's origin.

Plaintiff thereafter commenced this action against defendant alleging breach of contract and seeking $85,307 in damages. During the pendency of this action, plaintiff sold the property to a third party for $23,000. Following a trial, the jury concluded that plaintiff was entitled to recover from defendant for the loss caused by the fire and that plaintiff had in fact suffered a direct loss in this regard. As to damages, the jury awarded plaintiff no damages for the loss of the cabin itself and $3,000 for the loss of the contents. Plaintiff moved to set aside the verdict as to the damages awarded, and Supreme Court granted the motion and ordered a new trial on that issue. This appeal by defendant ensued.

Initially, we reject defendant's contention that Supreme Court erred in denying its motion to dismiss the complaint at the close of plaintiff's case. To be sure, the quality of plaintiff's evidence as to damages was lacking in many respects. The purported contract of sale for the property in the amount of $122,000 was not produced, the realtor handling the transaction was not called to testify and the appraisals supposedly undertaken in the context of the divorce action were not offered at trial. Plaintiff did testify, however, as to the value of the interest held by his former spouse's estate, the balance of the mortgage at the time of the fire, the estimated cost of rebuilding the cabin, the value of the contents lost in the fire and the sale price of the

land following the fire. To the extent that defendant now argues that much of the foregoing proof was inadmissible because it either violated the best evidence rule or constituted hearsay, we need note only that, except with regard to the handwritten list of contents compiled by plaintiff, defendant failed to raise appropriate objections and cannot now be heard to complain. Simply put, the deficiencies in plaintiff's proof aside, the evidence adduced was sufficient to survive a motion to dismiss.

We are, however, persuaded that the verdict rendered by the jury constituted an impermissible compromise and, as such, Supreme Court should have ordered a new trial on liability and damages. Despite there being circumstantial evidence from which the jury reasonably could have concluded that the fire in question was of an incendiary origin and that plaintiff had a hand in it, the jury nonetheless found that plaintiff sustained a direct loss as a result of the fire and, significantly, was entitled to recover from defendant for such loss. In so doing, the jury implicitly rejected defendant's argument that plaintiff was responsible for the fire in some manner. Having made that determination, the jury's decision to award plaintiff no damages for the loss of the cabin is not only against the weight of the evidence but evidences "a strong likelihood that the jury verdict result[ed] from a trade-off on a finding of liability in return for a compromise on damages" (*Patrick v New York Bus Serv.*, 189 AD2d 611, 612 [1993]). Stated another way, if the jury believed that plaintiff was entitled to recover for his loss, the jury should have awarded plaintiff some monetary amount for both the cabin and its contents.* If the jury believed that plaintiff was responsible for the fire, it should have concluded that he was not entitled to recover for the loss sustained and, hence, should not have awarded any damages. In view of this apparent contradiction, we agree with defendant that a new trial should be ordered on all issues.

In view of this holding, we must address the remaining evidentiary issues raised by defendant. Briefly, we find no error in excluding the testimony of Deputy Sheriff E.C. Miller insofar as defendant sought to have Miller express the opinion that the fire was incendiary in origin. Miller was called as a fact witness and, even assuming that he was qualified to express an expert opinion as to the cause of the fire, defendant provided no notice to this effect. We reach a similar conclusion with regard to the testimony offered by John Curran, the chief fire investigator for Rensselaer County, insofar as defendant sought to have Curran

---

* As noted previously, although plaintiff's proof as to damages may have been deficient, it was not nonexistent.

testify that the fire investigation was turned over to the sheriff's department—the apparent implication being that the fire was of a suspicious origin. Simply put, we agree with Supreme Court that Curran appropriately could testify only as to the course of his department's investigation. Finally, we cannot say that Supreme Court erred in redacting the fire investigation report insofar as it expressed the opinion of the author, now deceased, that the fire was properly classified as arson.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as ordered a new trial on the issue of damages only; matter remitted to the Supreme Court for a new trial as to liability and damages; and, as so modified, affirmed.