■ KAREN RAMOS et al., Respondents-Appellants, v NOVEAU INDUSTRIES, INC., Appellant-Respondent. [814 NYS2d 251]—

In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered August 25, 2004, which, upon a jury verdict on the issue of liability finding the defendant 100% at fault in the happening of the accident, and the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for judgment as a matter of law, and upon a separate jury verdict on the issue of damages, is in favor of the plaintiff Karen Ramos and against it in the principal sum of $125,000, and the plaintiffs cross-appeal, as limited by their brief, on the ground of inadequacy, from so

much of the same judgment as, upon an order of the same court dated April 21, 2004, denying their motion pursuant to CPLR 4404 (a) to set aside the verdict as to damages as against the weight of the evidence, awarded the plaintiff Karen Ramos the sum of only $120,000 for past pain and suffering, $0 for future pain and suffering, $5,000 for past medical expenses, and $0 for future medical expenses.

Ordered that the cross appeal by the plaintiff Samuel Ramos is dismissed on the ground that he is not aggrieved by the judgment (see CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from by the plaintiff Karen Ramos, on the law, the facts, and as an exercise of discretion, the motion pursuant to CPLR 4404 (a) which was to set aside the verdict as to damages awarded to the plaintiff Karen Ramos as against the weight of the evidence is granted, the order dated April 21, 2004, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages with respect to the plaintiff Karen Ramos, with costs to abide the event.

On October 25, 1996 the injured plaintiff, Karen Ramos (hereinafter the injured plaintiff), who was at work, attempted to exit an elevator that had misleveled by four to five inches. As she did so, the elevator suddenly jerked upward. As a result, she fell and injured her right arm and wrist. The plaintiffs subsequently commenced the instant action against the defendant, which was contractually obligated to maintain the elevator.

After a bifurcated trial, the jury found the defendant 100% at fault in the happening of the accident. The jury awarded the injured plaintiff $120,000 for past pain and suffering and $5,000 for past medical expenses. However, the jury did not award her any damages for future pain and suffering, or for future medical expenses.

Contrary to the defendant's contention, the evidence was legally sufficient to support the jury's finding as to liability (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]). Since the contract between the injured plaintiff's employer and the defendant gave the defendant exclusive control over the elevator's maintenance, service, and repair, the defendant could be held liable to the injured plaintiff for an injury that she suffered as a result of a dangerous condition in the elevator that the defendant had actual or constructive notice of, and failed to correct (see Rogers v Dorchester Assoc., 32 NY2d 553 [1973]). Viewing

the evidence in the light most favorable to the plaintiffs, there was evidence from which the jury could rationally conclude that the defendant, which, in the 14 months before the accident, had serviced the elevator because it was experiencing leveling problems, had actual or constructive notice of a dangerous condition that caused the injured plaintiff's injury. Furthermore, there was sufficient evidence to support the trial court delivering a res ipsa loquitur charge to the jury (see *Miller v Schindler El. Corp.*, 308 AD2d 312 [2003]; *Carrasco v Millar El. Indus.*, 305 AD2d 353 [2003]; *Dickman v Stewart Tenants Corp.*, 221 AD2d 158 [1995]; *Walden v Otis El. Co.*, 178 AD2d 878 [1991]; *Sirigiano v Otis El. Co.*, 118 AD2d 920 [1986]; *Burgess v Otis El. Co.*, 114 AD2d 784 [1985], affd 69 NY2d 623 [1986]; *Weeden v Armor El. Co.*, 97 AD2d 197 [1983]).

However, the trial court should have granted the plaintiffs' post-trial motion pursuant to CPLR 4404 (a) to set aside the verdict as to the injured plaintiff's damages, as the verdict with respect to those damages was against the weight of the evidence. Indeed, the jury's determination that the injured plaintiff was not entitled to damages for future pain and suffering and future medical expenses was inconsistent with the jury's finding, in effect, that her injuries, as the evidence clearly showed, were permanent in nature and were proximately caused by the accident (see *Ciatto v Lieberman*, 1 AD3d 553 [2003]; *Califano v Automotive Rentals*, 293 AD2d 436 [2002]; *Shaw v Jacobs*, 279 AD2d 624 [2001]; *Corsaro v Mt. Calvary Cemetery*, 258 AD2d 969 [1999]). Furthermore, whereas the jury was presented with conflicting evidence and theories as to the cause of the plaintiff's injuries, it appears possible that the verdict with respect to damages for past pain and suffering and past medical expenses was the result of an impermissible compromise (see *Ciatto v Lieberman, supra* at 557; *Roseingrave v Massapequa Gen. Hosp.*, 298 AD2d 377 [2002]; *Califano v Automotive Rentals, supra* at 437; *Rivera v City of New York*, 253 AD2d 597 [1998]). Accordingly, we remit the matter for a new trial on the issue of the injured plaintiff's damages.

The parties' remaining contentions are unpreserved for appellate review, and in any event, are without merit. Miller, J.P., Adams, Ritter and Covello, JJ., concur.