■ James Smith, Appellant-Respondent, v Eric Sheehy et al., Respondents-Appellants. [846 NYS2d 232]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an amended judgment of the Supreme Court, Richmond County (Vitaliano, J.), dated April 5, 2006, as, upon a jury verdict on the issue of damages, is in favor of him and against the defendants in the sum of only $43,333 for future pain and suffering for a period of one year, and the defendants cross-appeal from the amended judgment.

Ordered that the defendants' cross appeal is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law and the facts, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the issue of damages for future pain and suffering, with costs, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to increase the verdict as to damages for future pain and suffering from the principal sum of $43,333 to the principal sum of $300,000 and to the entry of an appropriate second amended judgment accordingly; in the event the defendants so stipulate, then the amended judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements.

At the conclusion of the damages phase of a bifurcated trial, the jury returned a verdict finding that the plaintiff sustained an injury which constituted a "serious physical injury" which

had resulted in a "permanent consequential limitation of use of a body organ or member." The jury awarded the plaintiff damages for past pain and suffering in the sum of $460,000, and in the sum of $43,333 for future pain and suffering for a period of only one year.

An amended judgment was entered upon the jury verdict, and the plaintiff appeals, contending, inter alia, that the damages for future pain and suffering for a one-year period was inherently inconsistent with the jury's finding that he had sustained a permanent limitation, and that the sum awarded was inadequate and against the weight of the evidence.

As the defendants correctly contend, any claim of inconsistency is unpreserved for appellate review because the plaintiff failed to object to the verdict, before the jury was discharged, on the ground that it was inconsistent (see *Jamal v Gohel*, 25 AD3d 587 [2006]; *Califano v Automotive Rentals*, 293 AD2d 436 [2002]).

However, the jury's verdict awarding damages for future pain and suffering constitutes a material deviation from what would be reasonable compensation to the extent indicated herein (see *Ramos v Noveau Indus., Inc.*, 29 AD3d 555 [2006]; *Ciatto v Lieberman*, 1 AD3d 553 [2003]; *Califano v Automotive Rentals*, 293 AD2d at 436).

Under these circumstances, a new trial is warranted on the issue of damages for future pain and suffering only. Since a new trial is required, we note that the plaintiff's contention that the trial court erred by instructing the jury to disregard any testimony regarding the need for future surgery is without merit. The plaintiff conceded that the need for future surgery was not included in the pleadings, and, as such, the Supreme Court properly excluded such testimony (see *Thomas v 14 Rollins St. Realty Corp.*, 25 AD3d 317, 318 [2006]). Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.