■ JOSEPH ZGRODEK et al., Appellants, v BARBARA McINERNEY, Respondent. [876 NYS2d 227]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered February 12, 2008 in Ulster County, upon a verdict rendered in favor of plaintiffs.

Plaintiff Joseph Zgrodek (hereinafter plaintiff) and his spouse, derivatively, commenced this action alleging that plaintiff suffered various serious injuries as a result of a motor vehicle accident in which defendant's vehicle ran into the rear of plaintiff's vehicle. Defendant conceded liability in causing the accident, and the case proceeded to a jury trial on the issues of whether plaintiff sustained a serious injury caused by the accident and, if so, the extent of damages. Plaintiff contended that his serious injuries (caused or exacerbated by the accident) included: a neck injury, a back injury, bilateral carpal tunnel (all of which required separate surgeries), as well as postconcussive syndrome. Defendant contested each injury, presenting medical proof in support of her assertion that all plaintiff's problems existed prior to the accident and that he was a malingerer. Defendant acknowledged that, in the event the jury found a serious injury, plaintiff had sustained medical costs in excess of $77,000 and lost wages of about $12,000.

The verdict sheet set forth a series of questions for the jury to address. The jury found that plaintiff had sustained a significant limitation of use of a body function or system, but that he had not sustained a permanent consequential limitation. On the questions pertaining to damages, the jury awarded $77,559 for past medical expenses, $12,000 for past wages and $70,000 for future wages. However, they assessed zero damages for past pain and suffering, future pain and suffering, and the spouse's loss of consortium claim. Plaintiffs moved pursuant to CPLR 4404 for various alternative relief including setting aside the verdict regarding pain and suffering and loss of consortium, assessing a damage award for such items, or directing a new trial. Supreme Court denied the motion. Plaintiffs appeal.

We find merit in plaintiffs' argument that Supreme Court placed unduly restrictive time constraints on the questioning of prospective jurors. Over plaintiffs' objections, both before and after voir dire, the court limited questioning in each round to 15 minutes. While the trial court is accorded discretion in setting time limits for voir dire (*see* 22 NYCRR 202.33; *Horton v Associates in Obstetrics & Gynecology*, 229 AD2d 734, 735 [1996] [60 minutes for first round and 30 minutes for subsequent rounds upheld]), the 15 minutes allowed for each round under the circumstances of this case was unreasonably short (*see* Implementing New York's Civil Voir Dire Law and Rules, at 6, http://www.nycourts.gov/publications/pdfs/ ImplementingVoirDire2009.pdf [NY St Unified Ct Sys, Jan. 2009, accessed Feb. 25, 2009] [stating that "(i)n a routine case a reasonable time period to report on the progress of voir dire is after about two or three hours of actual voir dire"]). This case involved close factual and medical issues, and evidence from several experts was presented at trial. Issues implicated involved, among others, proof regarding four distinct injuries and four surgeries, challenges to causation regarding each injury, the relevance and impact of plaintiff's preexisting conditions, the weight to be given evidence from several experts with markedly varying opinions, and consideration of appropriate compensation for a variety of asserted injuries. Notwithstanding that liability was not an issue, the case was not simple and straightforward. We cannot conclude from this record that plaintiffs were not prejudiced by the extremely short time permitted for voir dire.

Adding credence to plaintiffs' first argument is the merit of their next argument, i.e., the jury's verdict deviated materially from reasonable compensation. Initially, we note as to the reasonable compensation issue that, contrary to defendant's contention, the issue is properly before us (*see Califano v Automotive Rentals*, 293 AD2d 436, 437 [2002]; *see also Smith v Sheehy*, 45 AD3d 670, 671 [2007]). Although "[i]t is well settled that the amount awarded as damages for personal injuries is a factual question for the jury and considerable deference must be accorded to the jury with regard to the interpretation of the evidence . . . and assessments of credibility" (*Molter v Gaffney*, 273 AD2d 773, 773 [2000] [internal quotation marks and citations omitted]; *see Johnson v Grant*, 3 AD3d 720, 722 [2004]), nevertheless a jury verdict will generally be considered flawed when a serious injury under the No-Fault Law is found or conceded, but the jury then makes no award for pain and suffering (*see Vogel v Cichy*, 53 AD3d 877, 880 [2008]; *Gillespie v Girard*, 301 AD2d 1018, 1018-1019 [2003]; *Califano v Automo-*

*tive Rentals*, 293 AD2d at 437; *see also Hayes v Byington*, 2 AD3d 1468, 1469 [2003]; *Ciatto v Lieberman*, 1 AD3d 553, 557 [2003]; Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.22). Here, making no award for past pain and suffering after finding that plaintiff sustained a serious injury was a material deviation from reasonable compensation. Moreover, it cannot be discerned from the record which injuries the jury found were related to the accident or which one (or more) they found to be a serious injury. Under such circumstances, and in light of both the previously discussed error in voir dire and the likelihood that the verdict resulted from an impermissible compromise, we conclude that a new trial on all issues (except liability which defendant conceded) is required (*cf. Ciatto v Lieberman*, 1 AD3d at 557; *Califano v Automotive Rentals*, 293 AD2d at 436-437).

Mercure, J.P., Peters, Kane and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law and the facts, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.