■ ANDRZEJ ZIMNOCH et al., Respondents, v BRIDGE VIEW PALACE, LLC, Appellant. [893 NYS2d 253]—

On November 10, 2003, the plaintiff Andrzej Zimnoch (hereinafter Zimnoch) fell from a height of about two feet onto a concrete floor of a building owned by the defendant while using a chop saw to cut away concrete and brick in order to enlarge a window opening. The plaintiffs commenced this action against the defendant to recover damages, inter alia, for personal injuries. After a trial, the jury found that the defendant's violation of Labor Law § 240 (1) was a substantial factor in causing the accident, and it awarded the plaintiffs $154,080 for past medical expenses, $1,540,800 for future medical expenses, and nothing for past and future pain and suffering. Following the jury verdict, the defendant moved, among other things, pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law in its favor or, in the alternative, for a new trial on all issues. The plaintiffs, inter alia, moved, in effect, pursuant to CPLR 4404 (a) to set aside the verdict on damages only. The Supreme Court denied the defendant's motion, found that the damages award was against the weight of the evidence, and directed that a new trial be conducted as to damages only.

The trial court properly set aside the verdict as to damages after the first trial (see *Califano v Automotive Rentals*, 293 AD2d 436 [2002]; *Myers v Schaffer Grocery Corp.*, 281 AD2d 156, 157 [2001]), and providently exercised its discretion in directing a new trial on the issue of damages only (see *Figliomeni v Board of Educ. of City School Dist. of Syracuse*, 38 NY2d 178, 182 [1975]). Where the jury necessarily concludes that a plaintiff was injured as a result of an accident, " 'the jury's failure to award damages for pain and suffering is contrary to a fair interpretation of the evidence and constitutes a material deviation

from what would be reasonable compensation' " (*Ramos v New York City Hous. Auth.*, 280 AD2d 325, 326 [2001], quoting *Kennett v Piotrowski*, 234 AD2d 983, 984 [1996]; *see Califano v Automotive Rentals*, 293 AD2d 436 [2002]). In addition, since the jury's award for past and future medical expenses after the first trial was substantially more than warranted by the evidence or requested by the plaintiffs during their summation, there is a strong likelihood that the damages award was the result of an impermissible compromise (*see Califano v Automotive Rentals*, 293 AD2d 436 [2002]; *Rivera v City of New York*, 253 AD2d 597, 600 [1998]; *Torres v City of New York*, 226 AD2d 701, 702 [1996]).

During the damages trial, the plaintiffs presented evidence that Zimnoch sustained herniated discs at L4-L5 and at L5-S1, and a bulging disc at L3-L4 as a result of the accident. As pertinent to this appeal, the jury awarded him the principal sums of $300,000 for past pain and suffering, $850,000 for future pain and suffering, $44,000 for past medical expenses, and $364,000 for future medical expenses. The Supreme Court denied those branches of the defendant's motion which were pursuant to CPLR 4404 to set aside the verdict as excessive and for a collateral source hearing.

The award after the damages trial for past and future medical expenses did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). However, the jury award for past and future pain and suffering deviates materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *see generally Van Nostrand v Froehlich*, 18 AD3d 539 [2005]; *Jansen v Raimondo & Son Constr. Corp.*, 293 AD2d 574 [2002]).

The defendant's contention that the trial court erroneously denied its request for a hearing as to collateral source payments made to Zimnoch by workers' compensation lacks merit. The payments which the plaintiffs received are specifically excluded from consideration by statute (*see* CPLR 4545 [a]; Workers' Compensation Law § 29 [1]), and the record does not support the conclusion that Zimnoch received any benefits from a collateral source which would be deductible from the award.

The defendant's remaining contentions either do not require reversal, are unpreserved for appellate review, or are not otherwise properly before this Court. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.