■ MANUCHEHR SASSOONIAN, Respondent, v CITY OF NEW YORK, Appellant. [692 NYS2d 12] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered March 27, 1998, upon a jury verdict, which, to the extent appealed from, as limited by defendant's brief, awarded plaintiff $1 million for past pain and suffering and $750,000 for future pain and suffering plus interest at a rate of 9%, unanimously modified, on the facts, to the extent of vacating the award for future pain and suffering and directing a new trial solely on the issue of damages for future pain and suffering and otherwise affirmed, without costs, unless plaintiff, within 30 days of the date of this order, stipulates to entry of an amended judgment reducing the award for future pain and suffering to $500,000. Appeals from orders, same court and Justice, entered October 1, 1998 and January 26, 1999, respectively denying defendant's motion to set aside the judgment and enter a counter-judgment at a lesser rate of interest than the statutory rate of 9%, and denying defendant's motion to vacate its default, unanimously dismissed, without costs, as academic in light of our disposition of the appeal from the aforesaid judgment.

Plaintiff, who was 44 years old at the time of the accident, sustained a fracture of the left femoral neck of the hip requiring open reduction and internal fixation with a metal plate and pins, and a second operation to replace the original pins with larger pins to hold the metal plate more securely. While the undisputed testimony revealed that plaintiff has been in constant pain for 12 years and will likely continue to be in such pain for the next 10 years, and that the injury has resulted in atrophy and a limitation of his physical activities, plaintiff was nonetheless able to return to work after six months. Moreover, there was no evidence that his condition is permanent, and although his range of motion is impaired he is

not completely disabled. Accordingly, we conclude, in light of other awards in cases involving similar injuries that the jury award of $750,000 for future pain and suffering deviates materially from what is reasonable compensation under the circumstances.

It cannot be concluded that the trial court improvidently exercised its discretion in applying the 9% statutory interest rate to the judgment since no compelling reason has been set forth to warrant deviation from the statutory rate which is presumptively fair and reasonable (see, *Rodriguez v New York City Hous. Auth.*, 91 NY2d 76, 80-81). Concur—Sullivan, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.