■ DAVID L. THOMPSON, Appellant, v VINCE HICKEY, Respondent, et al., Defendants. [724 NYS2d 241] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action alleging, *inter alia,* a cause of action against Vince Hickey (defendant) for assault and battery and seeking damages for personal injuries. Following a bench trial, Supreme Court found in favor of plaintiff and awarded damages for past pain and suffering in the amount of $2,000. The court awarded no damages for past or future medical expenses, past or future lost wages, or future pain and suffering.

Plaintiff contends that the award for past pain and suffering is inadequate and that the remainder of the verdict with respect to damages is against the weight of the evidence. On appeal from a judgment following a bench trial, this Court may modify the judgment to " 'grant the judgment which upon the evidence should have been granted by the trial court' " (*Karagiannis v New York State Thruway Auth.,* 187 AD2d 1009, 1010, *lv dismissed* 81 NY2d 835; *see also, DeLany v State of New York,* 256 AD2d 1135, 1136; *Flynn v City of New York,* 103 AD2d 98, 103). We agree with plaintiff that the award for past pain and suffering deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). In awarding damages for past pain and suffering, the court must have concluded that plaintiff sustained an injury in the assault (*see, Pares v LaPrade* [appeal No. 2], 266 AD2d 852). Although

plaintiff had preexisting back problems and had undergone two prior back surgeries, the evidence establishes that, at the time of the assault, plaintiff was recovering well from his second surgery and was no longer taking pain medication. After the assault, plaintiff's back and left leg pain returned, and pain began in plaintiff's right leg. Plaintiff was diagnosed with recurrent disc herniation, and underwent a third surgery approximately two months after the assault. Based upon that evidence, we conclude that an award of $25,000 would be reasonable to compensate plaintiff for his past pain and suffering.

We further conclude that the court's failure to award plaintiff any damages for future pain and suffering is "contrary to a fair interpretation of the evidence and deviates materially from what would be reasonable compensation" (*Silver v Tops Mkts.*, 273 AD2d 887). Although plaintiff was involved in an automobile accident just three days after his third back surgery, the medical evidence establishes that not all of plaintiff's current permanent disability was the result of the automobile accident and that the assault was a competent producing cause of plaintiff's injuries. Based upon the evidence that plaintiff's injuries are permanent, painful and disabling, we conclude that an award of $25,000 would be reasonable to compensate plaintiff for future pain and suffering.

The remainder of the verdict is not contrary to a fair interpretation of the evidence. Plaintiff failed to present sufficient evidence to enable the court to make an award for past or future medical expenses, or to determine what portion of plaintiff's lost wages is attributable to the assault rather than to other causes. Finally, defendant's conduct was not so egregious as to support an award of punitive damages (*see generally, Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 203-204). We therefore modify the order and judgment by increasing the award for past pain and suffering to $25,000, awarding $25,000 for future pain and suffering, and otherwise affirm. (Appeal from Order and Judgment of Supreme Court, Wayne County, Sirkin, J.—Damages.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.