■ KELLY M. DEANS, Respondent, v DAVID J. PITTMAN, Appellant. (Appeal No. 1.) [789 NYS2d 386]—Appeal from a judgment of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered on March 26, 2004 in a personal injury action. The judgment was entered upon a jury verdict awarding plaintiff $350,000, together with costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle was rear-ended by a vehicle owned and operated by defendant. Defendant admitted liability prior to trial, and a trial was conducted on the issue of damages only. Defendant appeals from a judgment entered upon a jury verdict awarding plaintiff damages in the amount of $100,000 for past pain and suffering and $250,000 for future pain and suffering. We reject the contention of defendant that Supreme Court erred in denying his motion to set aside the award of damages as excessive and against the weight of the evidence. In view of the evidence concerning the nature and consequences of plaintiff's injuries, we conclude that the amount of damages awarded does not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Gubala v Gee, 302 AD2d 911, 912 [2003]; Strangio v New York Power Auth. [appeal No. 2], 275 AD2d 945 [2000]; cf. Thompson v Hickey, 283 AD2d 939, 940 [2001]). Furthermore, it cannot be said that "the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (Dannick v County of Onondaga, 191 AD2d 963, 964 [1993]). Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.

■ KELLY M. DEANS, Respondent, v DAVID J. PITTMAN, Appellant. (Appeal No. 2.) [788 NYS2d 903]—Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered on June 25, 2004 in a personal injury action. The order denied defendant's motion to set aside the jury verdict.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs (see Smith v Catholic Med. Ctr. of Brooklyn & Queens, 155 AD2d 435 [1989]; see also CPLR 5501 [a] [1]). Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.