■ CONCHITA ORTIZ, Appellant, v 975 LLC, Respondent. [901 NYS2d 839]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered October 16, 2008, which, after a jury verdict in plaintiff's favor, denied her motion for a new trial on damages or for an additur, unanimously modified, on the facts, to the extent of vacating the award for past and future pain and suffering and directing a new trial on the issue of damages for past and future pain and suffering, and otherwise affirmed, without costs, unless defendant stipulates, within 30 days of the date of

this order, to entry of a judgment awarding, before apportionment, $40,000 for past pain and suffering, and $50,000 for future pain and suffering.

Plaintiff tripped and fell on a step at the entrance to defendant's building. The jury awarded plaintiff $10,000 for past pain and suffering, $10,000 for future pain and suffering, and $10,000 for medical costs. Generally, the amount of damages awarded for personal injury is primarily a question for the jury, the judgment of which is entitled to great deference based upon its evaluation of the evidence, including conflicting expert testimony (*Vaval v NYRAC, Inc.*, 31 AD3d 438 [2006], *lv dismissed* 8 NY3d 1020 [2007]). Nevertheless, we conclude that the jury's determination of plaintiff's damages with respect to future pain and suffering deviated materially from what would constitute reasonable compensation under the circumstances, and thus direct a new trial on that issue unless defendant stipulates as indicated (*see* CPLR 5501 [c]; *Sassoonian v City of New York*, 261 AD2d 319 [1999]). Concur—Mazzarelli, J.P., Sweeny, Nardelli, Acosta and Manzanet-Daniels, JJ.