# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**43**

**CA 10-01445**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

LAI NGUYEN, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

WILLIAM E. KIRALY AND MARY L. KIRALY,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

COHEN & LOMBARDO, P.C., BUFFALO (JONATHAN D. COX OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BURGIO, KITA & CURVIN, BUFFALO (HILARY C. BANKER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered October 28, 2009 in a personal injury action. The judgment dismissed the complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law with costs, the post-trial motion is granted in part, the verdict with respect to damages for past pain and suffering is set aside, the complaint is reinstated, and a new trial is granted on those damages only.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained in a motor vehicle accident. Following a trial, the jury found that plaintiff sustained a serious injury under only the 90/180-day category of serious injury set forth in Insurance Law § 5102 (d), but it awarded plaintiff zero damages. Plaintiff moved to set aside the verdict in part and for a new trial on damages only. According to plaintiff, the jury's finding that he did not sustain a serious injury under the significant limitation of use category and its award of zero damages were against the weight of the evidence. We conclude that Supreme Court erred in denying those parts of the post-trial motion seeking to set aside the verdict with respect to damages for past pain and suffering and for a new trial thereon.

It is well settled that "the amount of damages to be awarded for personal injuries is primarily a question for the jury" (*Nutley v New York City Tr. Auth.*, 79 AD3d 711, 712 [internal quotation marks omitted]), "the judgment of which is entitled to great deference based upon its evaluation of the evidence, including conflicting expert testimony" (*Ortiz v 975 LLC*, 74 AD3d 485, 486; *Vaval v NYRAC, Inc.*, 31

AD3d 438, *lv dismissed* 8 NY3d 1020, *rearg denied* 9 NY3d 937). Nevertheless, an award of damages may be set aside when it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Miller v Weisel*, 15 AD3d 458, 459), and "a jury verdict will generally be considered flawed when a serious injury under the No-Fault Law is found or conceded, but the jury then makes no award for [past] pain and suffering" (*Zgrodek v McInerney*, 61 AD3d 1106, 1108; *see Vogel v Cichy*, 53 AD3d 877, 880; *Gillespie v Girard*, 301 AD2d 1018). For example, in *Hayes v Byington* ([appeal No. 2] 2 AD3d 1468, 1469), the jury found that the plaintiff sustained a serious injury under the 90/180-day category but awarded damages only for lost wages, and we concluded that the court erred in denying the plaintiff's motion to set aside the verdict except insofar as it found that the plaintiff sustained a serious injury and for a new trial on damages only. Here, we also conclude that "making no award for past pain and suffering after [determining] that plaintiff sustained a serious injury was a material deviation from reasonable compensation" (*Zgrodek*, 61 AD3d at 1109). We therefore reverse the judgment, grant the post-trial motion in part, set aside the verdict with respect to damages for past pain and suffering, reinstate the complaint, and grant a new trial on those damages only.

We reject plaintiff's contention that the court erred in denying the post-trial motion with respect to damages for lost wages and future pain and suffering. We also reject plaintiff's contention that the court erred in denying the post-trial motion with respect to the significant limitation of use category of serious injury. " 'A jury is not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony and/or the facts disclosed on cross-examination . . . Indeed, a jury is at liberty to reject an expert's opinion if it finds the facts to be different from those [that] formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion' " (*Cummings v Jiayan Gu*, 42 AD3d 920, 922-923). Here, the verdict with respect to the significant limitation of use category " 'was based upon a fair interpretation of the evidence' " (*Radish v DeGraff Mem. Hosp.*, 291 AD2d 873, 874), including the surveillance video of plaintiff several years after the accident, in which he was depicted moving about with no apparent limitations or discomfort.

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court