■ BURNETT WILLIAMS, Respondent, v CITY OF NEW YORK et al., Appellants. [964 NYS2d 134]—

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 28, 2011, upon a jury verdict, awarding plaintiff the principal amounts of $1,200,000 for past pain and suffering, $2,000,000 for future pain and suffering over 15 years, $312,000 for past lost earnings, $225,000 for future lost earnings over 4.5 years, $159,000 for past medical expenses and $115,000 for future medical expenses over 15 years, unanimously modified, on the facts, to vacate the award for future pain and suffering and order a new trial solely as to such damages, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to accept a reduced award for future pain and suffering of $1,200,000, and to entry of an amended judgment in accordance therewith, and to vacate the award for future medical expenses and order a new trial solely as to such damages, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to accept a reduced award for future medical expenses of $70,000, and to entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

Plaintiff was injured when, while working as a lead and asbestos inspector during rehabilitation of a subway station, he fell through wood planks and landed on his buttocks and lower back on a steel beam below him. He began feeling lower back pain and pain radiating down his legs following the fall.

The awards for lost wages and medical expenses are supported by the evidence adduced at trial and are not excessive. Such evidence supported the jury's findings that the accident substan-

tially aggravated plaintiff's preexisting back and left leg condition, that the accident caused new injuries, and that the accident was a substantial cause of the treatment he received. Plaintiff was also incapable of working after the accident and would need future care for the remainder of his life due to the compromised nature of his spine (*see Ortiz v 975 LLC*, 74 AD3d 485, 486 [1st Dept 2010] ["the amount of damages awarded . . . is primarily a question for the jury, the judgment of which is entitled to great deference based upon its evaluation of the evidence, including conflicting expert testimony"]).

The award for past pain and suffering is also not excessive in light of the evidence that plaintiff underwent a discectomy and then a fusion surgery that ultimately resulted in removal of the L4/L5 disc. He also underwent a painful discogram, a painful IDET procedure, and multiple epidural injections.

We find, however, that the award for future pain and suffering deviates materially from what would constitute reasonable compensation under the circumstances. Notably, plaintiff testified that although he still experiences significant pain, he improved significantly after fusion surgery performed in 2007, and had "good days" about four days per week, during which he could perform household chores, walk a mile, and run errands (*see e.g. Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324, 328 [1st Dept 1999], *lv denied* 94 NY2d 754 [1999]; *Gonzalez v Rosenberg*, 247 AD2d 337 [1st Dept 1998]).

Moreover, the award for future medical expenses is not supported by the record and is speculative to the extent it exceeds the amount set forth above (*see Buggs v Veterans Butter & Egg Co.*, 120 AD2d 361, 361 [1st Dept 1986]). Concur—Tom, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.