■ ANYOLINA MATA, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [1 NYS3d 83]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 28, 2013, upon a jury verdict, awarding plaintiff the amounts of $2,000,000 for past pain and suffering and $3,500,000 for future pain and suffering over 50 years, unanimously modified, on the law and the facts, to vacate the awards for past and future pain and suffering and order a new trial as to such damages, unless plaintiff stipulates, within 30 days of service of a copy of this order with notice of entry, to a reduction of the awards for past and future pain and suffering to $1,000,000 and $2,000,000, respectively, and to entry of an amended judgment in accordance therewith, and to correct the rate of interest on the judgment from 9% to 3% pursuant to Public Authorities Law § 1212 (6), and otherwise affirmed, without costs.

Plaintiff, who was 27 years old when she tripped over a subway grate embedded in a concrete median, suffered injuries to her wrist and spine that required surgery. Although plaintiff testified that she still experiences pain after arthroscopic surgery to her wrist and a laminectomy with fusion surgery to her lower back, she sustained no fractures. In addition, although she had to hire additional staff to help her after she was injured, she is able to perform her full time job of owning and operating a daycare center in her home. Accordingly, we find that plaintiff was not so debilitated as to warrant the jury's awards for past and future pain and suffering, which deviate materially from what constitutes reasonable compensation under the circumstances (*see* CPLR 5501 [c]; *Williams v City of New York*, 105 AD3d 667 [1st Dept 2013]; *Ramos v New York City Tr. Auth.*, 90 AD3d 492 [1st Dept. 2011]).

As appellant recognizes, the judgment incorrectly applies an interest rate of 9% per annum to plaintiff's award against the Transit Authority. The rate of interest against the Transit Authority may be no more than 3%, as this rate is mandated by statute (*see* Public Authorities Law § 1212 [6]; *Kiker v Nassau County*, 85 NY2d 879 [1995]; *Williams v City of New York*, 111 AD3d 420 [1st Dept 2013]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Moskowitz and Richter, JJ.