# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**187**

**CA 16-00776**

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

JEROL K. MELNICK, SR., PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

RONALD E. CHASE, AS PARENT AND NATURAL GUARDIAN
OF BRADLEY E. CHASE, AN INFANT, AND KARON
FARMS, INC., DEFENDANTS-RESPONDENTS.

---

COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (ETHAN W. COLLINS OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

WALSH, ROBERTS & GRACE, BUFFALO (JOSEPH EMMINGER OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Chautauqua County
(Paul B. Wojtaszek, J.), entered January 22, 2016. The order denied
plaintiff's motion to set aside the jury verdict and for a new trial
on the issue of damages.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
setting aside the verdict with respect to damages for past pain and
suffering, and a new trial is granted on that element of damages only,
and as modified the order is the affirmed without costs.

Memorandum: In this action to recover damages for injuries
sustained by plaintiff in a motorcycle accident, the jury returned a
verdict that, inter alia, awarded plaintiff no damages for past pain
and suffering and $20,000 for future pain and suffering. Plaintiff
appeals from an order that denied his motion to set aside the jury
verdict with respect to damages as inconsistent and against the weight
of the evidence, and for a new trial on both elements of damages. We
conclude that plaintiff has failed to preserve for our review his
contention that the verdict is inconsistent inasmuch as he failed to
raise that contention before the discharge of the jury (*see Barry v
Manglass*, 55 NY2d 803, 806, *rearg denied* 55 NY2d 1039; *Berner v
Little*, 137 AD3d 1675, 1676).

We further conclude that the jury's failure to award plaintiff
any damages for past pain and suffering is against the weight of the
evidence (*see Simmons v Dendis Constr.*, 270 AD2d 919, 920; *Laylon v
Shaver*, 187 AD2d 983, 984). In reaching that conclusion, we note that
defendants' own expert testified that, as a result of the motorcycle
accident, plaintiff sustained a lumbosacral strain or sprain that

aggravated his degenerative spinal condition and would have lasted for three to six months before healing.  In light of that testimony, and the testimony of plaintiff's treating orthopedic surgeon that plaintiff sustained a painful and debilitating L-3 endplate fracture that caused a herniated disc, we conclude that the verdict awarding plaintiff no damages for past pain and suffering is contrary to the weight of the evidence and that there should be a new trial on that element of damages (*see generally Zimnoch v Bridge View Palace, LLC*, 69 AD3d 928, 929-930).  We modify the order accordingly.

We reject plaintiff's contention, however, that the award of future damages is against the weight of the evidence.  There was conflicting expert testimony concerning the likelihood, severity, and causation of plaintiff's alleged future pain and suffering, and we thus conclude that the verdict in that respect should not be disturbed (*see Lai Nguyen v Kiraly* [appeal No. 2], 82 AD3d 1579, 1580; *Sanfilippo v City of New York*, 272 AD2d 201, 202, *lv dismissed* 95 NY2d 887; *see generally Leonard v Irwin*, 280 AD2d 935, 936).

Entered:  March 24, 2017                          Frances E. Cafarell
                                                 Clerk of the Court