Mecca v Buffalo Niagara Convention Ctr. Mgt. Corp. (2018 NY Slip Op 00735)





Mecca v Buffalo Niagara Convention Ctr. Mgt. Corp.


2018 NY Slip Op 00735


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND TROUTMAN, JJ.


1394 CA 17-00551

[*1]PAIGE MECCA AND DANIEL MECCA, PLAINTIFFS-RESPONDENTS,
v
BUFFALO NIAGARA CONVENTION CENTER MANAGEMENT CORPORATION, DEFENDANT-APPELLANT. 






CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO, SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-APPELLANT.
MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered December 2, 2016. The order, among other things, granted plaintiffs' motion pursuant to CPLR 4404 seeking to set aside certain damages awarded to plaintiff Paige Mecca and seeking a new trial on those damages unless defendant stipulated to increase the amounts awarded. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiffs' motion and reinstating the jury's award of damages for past and future pain and suffering, future lost wages and business profits and future medical expenses, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries that Paige Mecca (plaintiff) allegedly sustained when an employee of defendant dropped a tray of dishes on her, and for derivative injuries allegedly sustained by plaintiff Daniel Mecca, her husband. The matter proceeded to trial and the jury issued a verdict by which it found defendant liable and awarded damages. Plaintiffs moved pursuant to CPLR 4404 to set aside the damages awarded to plaintiff for past and future pain and suffering, future lost wages and business profits and future medical expenses, and sought a new trial on those categories of damages unless defendant stipulated to increase the amounts awarded. Plaintiffs contended that the damages awarded under those categories were against the weight of the evidence and deviated materially from what would be reasonable compensation. Defendant cross-moved to decrease the derivative damages award. Supreme Court granted plaintiffs' motion, vacated those parts of the verdict that awarded damages for the categories of damages that plaintiffs challenged, granted plaintiffs a new trial on those damages unless defendant stipulated to an increase in each of those categories, and denied defendant's cross motion. Defendant appeals.
We agree with defendant that the court abused its discretion in granting plaintiffs' motion. We therefore modify the order by denying plaintiffs' motion and reinstating the jury's award of damages. "It is well settled that the amount of damages to be awarded for personal injuries is primarily a question for the jury . . . , the judgment of which is entitled to great deference based upon its evaluation of the evidence, including conflicting expert testimony" (Lai Nguyen v Kiraly [appeal No. 2], 82 AD3d 1579, 1579-1580 [4th Dept 2011] [internal quotation marks omitted]). Thus, "even in cases where there is evidence which could support a conclusion different from that of a jury, its verdict will still be accorded great deference and respect so long as there is credible evidence to support its interpretation" (Warnke v Warner-Lambert Co., 21 AD3d 654, 657 [3d Dept 2005]; see Williams v City of New York, 105 AD3d 667, 668 [1st Dept 2013]; Vasquez v Jacobowitz, 284 AD2d 326, 327 [2d Dept 2001]). In addition, " a jury is at liberty to reject an expert's opinion if it finds the facts to be different from those which formed the basis for the opinion or if, after careful consideration of all the evidence in the case, it disagrees with the opinion' " (Quigg v Murphy, 37 AD3d 1191, 1193 [4th Dept 2007]; see Lai [*2]Nguyen, 82 AD3d at 1580; Salisbury v Christian, 68 AD3d 1664, 1665 [4th Dept 2009]). In short, "[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Tapia v Dattco, Inc., 32 AD3d 842, 845 [2d Dept 2006]).
Here, "through cross-examination and the presentation of evidence, the defense created a case that the injured plaintiff had exaggerated [her] injuries and that the injuries [she] complained of may have been preexisting. The plaintiffs were unable to proffer any objective evidence, i.e., . . . MRI reports[, CT scans, and EEGs], to prove the nature of the injuries that [plaintiff] sustained as a result of the accident" (Minscher v McIntyre, 277 AD2d 435, 436 [2d Dept 2000], lv denied 96 NY2d 717 [2001]; see Hotaling v Carter, 137 AD3d 1661, 1662-1663 [4th Dept 2016]; see also Molter v Gaffney, 273 AD2d 773, 775 [3d Dept 2000]). Furthermore, although plaintiffs introduced evidence that plaintiff had an abnormal SPECT test, defendant submitted evidence that, if credited by the jury, established that such a test is outdated and unreliable, and that there were other reasons for plaintiff's results on that test. Consequently, the jury's determination to award lesser amounts of damages than plaintiffs sought for plaintiff's injuries with respect to the categories of past and future pain and suffering "was based upon a fair interpretation of the evidence . . . , with consideration given to the credibility of the witnesses and the drawing of reasonable inferences therefrom" (Raso v Jamdar, 126 AD3d 776, 777 [2d Dept 2015]). The record provides no reason to disturb the jury's resolution of those issues, and thus we conclude that the court abused its discretion in doing so.
Similarly with respect to the awards of damages for future lost wages and business profits, a jury may reject an expert's opinion regarding valuation in the calculation of damages "even where, as here, the expert's opinion was uncontradicted at trial" (David Home Bldrs., Inc. v Misiak, 91 AD3d 1362, 1362 [4th Dept 2012]). Defendant submitted evidence that, if credited by the jury, would establish that plaintiff's business would not suffer the severe losses claimed by plaintiffs, and that plaintiff's ability to work was not as severely impacted as she claimed. Consequently, we cannot say that the jury's award in this regard "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). In addition, defendant submitted evidence that called into question whether plaintiff would need the future medical treatment for which she sought damages, and thus the court abused its discretion in setting aside the verdict with respect to that part of the damages award (cf. Smith v Woods Constr. Co., 309 AD2d 1155, 1156-1157 [4th Dept 2003]; Hersh v Przydatek [appeal No. 2], 286 AD2d 984, 985 [4th Dept 2001]).
We have considered defendant's contention with respect to the denial of its cross motion and conclude that it lacks merit.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court