Mast v DeSimone (2019 NY Slip Op 08288)





Mast v DeSimone


2019 NY Slip Op 08288


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


804 CA 19-00030

[*1]JAYME A. MAST, PLAINTIFF-APPELLANT,
v
GERARD A. DESIMONE, DEFENDANT-RESPONDENT (APPEAL NO. 2.) 






JOSEPH E. DIETRICH, III, WILLIAMSVILLE, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICES OF JOHN TROP, BUFFALO (TIFFANY D'ANGELO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered August 8, 2018. The judgment awarded plaintiff money damages upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is modified on the law by granting the posttrial motion in part and setting aside the verdict with respect to damages for future pain and suffering and for future economic loss, and as modified the judgment is affirmed without costs and a new trial is granted on those elements of damages only.
Memorandum: In appeal No. 1, plaintiff appeals from an order that denied her motion pursuant to, inter alia, CPLR 4404 (a) seeking to set aside a jury verdict on the issue of damages. In appeal No. 2, plaintiff appeals from a judgment that, after a jury trial, awarded plaintiff $120,000 plus interest for past pain and suffering and no damages for future pain and suffering or for future economic loss.
Inasmuch as the order in appeal No. 1 is subsumed in the subsequently entered judgment in appeal No. 2, we conclude that appeal No. 1 must be dismissed (see Reid v Levy [appeal No. 2], 148 AD3d 1800, 1801 [4th Dept 2017]; see generally CPLR 5501 [a] [2]; Matter of Aho, 39 NY2d 241, 248 [1976]).
Regarding the merits, plaintiff contends that Supreme Court erred in denying her posttrial motion inasmuch as the verdict on the issue of damages is against the weight of the evidence. We disagree with plaintiff that the court erred in denying that part of her motion with respect to the jury's award of $120,000 for past pain and suffering. We agree with her, however, that the jury's award of no damages for future pain and suffering and for future economic loss is against the weight of the evidence (see generally Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Melnick v Chase, 148 AD3d 1589, 1590 [4th Dept 2017]). We therefore modify the judgment by granting plaintiff's posttrial motion in part and setting aside the verdict with respect to the damages for future pain and suffering and for future economic loss, and we grant a new trial on those elements of damages.
Addressing first the verdict with respect to past pain and suffering, we note that a court may set aside a verdict awarding money damages where the verdict deviates materially from what is considered reasonable compensation (see CPLR 5501 [c]; Lai Nguyen v Kiraly [appeal No. 2], 82 AD3d 1579, 1580 [4th Dept 2011]). Because monetary awards for a plaintiff's pain and suffering "are not subject to precise quantification," a court must "look to comparable cases to determine at which point an award deviates materially from what is considered reasonable compensation" (Huff v Rodriguez, 45 AD3d 1430, 1433 [4th Dept 2007] [internal quotation marks omitted]; see Lai Nguyen, 82 AD3d at 1579-1580).
Here, plaintiff, who was 30 years old at the time of the accident, presented evidence at trial that she sustained a disc herniation at L5-S1, which necessitated a discectomy and lumbar fusion surgery. Further, both parties' experts opined that plaintiff's lumbar spine injury was caused by the accident, and the jury necessarily concluded that the accident caused injury to only plaintiff's lumbar spine because, at trial, plaintiff expressly limited her request for damages to recovery for that injury. Thus, under these circumstances, "[b]ecause it awarded damages for past pain and suffering, the jury must have concluded that plaintiff . . . injured [her lumbar spine] as a result of the accident" (Pares v LaPrade [appeal No. 2], 266 AD2d 852, 852 [4th Dept 1999] [internal quotation marks omitted]; see also Thompson v Hickey, 283 AD2d 939, 939 [4th Dept 2001]; Corsaro v Mt. Calvary Cemetery, 258 AD2d 969, 969 [4th Dept 1999]).
Nonetheless, we conclude that the jury's award of $120,000 for past pain and suffering does not deviate materially from what would be reasonable compensation when compared to similar cases involving comparable injuries to the lumbar spine. Therefore, that component of the jury's verdict is not against the weight of the evidence (see e.g. Swatland v Kyle, 130 AD3d 1453, 1454-1455 [4th Dept 2015]; Kmiotek v Chaba, 60 AD3d 1295, 1296-1297 [4th Dept 2009]; Ellis v Emerson, 57 AD3d 1435, 1436-1437 [4th Dept 2008]).
We agree with plaintiff, however, that the jury's failure to award any damages for future pain and suffering is " contrary to a fair interpretation of the evidence and deviates materially from what would be reasonable compensation' " (Thompson v Hickey, 283 AD2d 939, 940 [4th Dept 2001]). Although the evidence at trial established that plaintiff was permitted to return to work with no restrictions, the evidence also established that the injuries she sustained in the accident severely affected her ability to perform the same sorts of tasks that she had performed with ease prior to the accident. Moreover, as noted, the parties' experts agreed that the injury to plaintiff's lumbar spine was caused by the accident, and plaintiff presented uncontroverted medical testimony at trial establishing that she continues to experience pain as a result of that injury (see Lamphron-Read v Montgomery, 148 AD3d 1595, 1597 [4th Dept 2017]; Fenocchi v City of Syracuse, 216 AD2d 864, 865 [4th Dept 1995]).
We also agree with plaintiff that the jury's failure to award damages for future economic loss is against the weight of the evidence. Initially, we disagree with our dissenting colleagues that the contention was abandoned on appeal (cf. Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]) and conclude that plaintiff adequately raised that specific contention in her brief (see Carlson v Porter [appeal No. 2], 53 AD3d 1129, 1133 [4th Dept 2008], lv denied 11 NY3d 708 [2008]; cf. Hargis v Sayers [appeal No. 2], 38 AD3d 1228, 1229 [4th Dept 2007]). We also note that, in his brief, defendant has not argued that plaintiff abandoned that contention on appeal.
With respect to the merits, we note that the uncontroverted expert testimony at trial established that plaintiff would suffer a reduction in work-life expectancy following the accident, which would eventually cause her to suffer economic loss. That testimony was consistent with the medical evidence, which established that the nature of plaintiff's injuries makes it likely that the condition of her spine will degenerate over time, impeding her ability to work (see Walsh v State of New York, 232 AD2d 939, 941 [3d Dept 1996]). Thus, in sum, we conclude that the court erred in denying those parts of the posttrial motion with respect to damages for future pain and suffering and future economic loss.
We have considered plaintiff's remaining contentions and conclude that they do not warrant reversal or further modification of the judgment in appeal No. 2.
All concur except Smith, J.P., and Carni, J., who dissent in part and vote to modify in accordance with the following memorandum: We dissent in part because, although we agree with the majority's decision to grant a new trial on the issue of future pain and suffering, we believe that plaintiff abandoned her contention that the jury's award for future economic loss is against the weight of the evidence by failing to pursue that issue on appeal (see Hargis v Sayers [appeal No. 2], 38 AD3d 1228, 1229 [4th Dept 2007]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We would therefore modify the judgment by granting the posttrial motion in part and setting aside the verdict with respect to damages for future pain and suffering, and we would award a new trial on that element of damages only.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court