Abreu-DePena v Weber (2021 NY Slip Op 00224)





Abreu-DePena v Weber


2021 NY Slip Op 00224


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Index No. 305352/13 Appeal No. 12837 Case No. 2019-05406 

[*1]Franklin Abreu-DePena, Plaintiff-Appellant,
v
James P. Weber et al., Defendants-Respondents.


William Schwitzer & Associates, P.C., New York (Howard R. Cohen of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Meredith Drucker Nolen of counsel), for respondents.



Order, Supreme Court, Bronx County (James W. Hubert, J.), entered on or about October 23, 2019, which denied plaintiff's motion to set aside so much of the jury verdict as awarded him $100,000 for past pain and suffering, $500,000 for future pain and suffering over 15 years, and $200,000 for future medical expenses over 15 years, and for a new trial solely on those damages, unanimously modified, on the facts, to vacate the awards for past and future pain and suffering and direct that a new trial be held solely on those damages, unless defendants stipulate, within 30 days of entry of this order, to increase the award for past pain and suffering to $1 million and the award for future pain and suffering to $2 million over 33.4 years, and otherwise affirmed, without costs.
At the age of 39, plaintiff allegedly sustained herniations at C3-C4, C6-C7, and L2-L3 through L4-L5 and a Hill-Sachs fracture and torn labrum in his left shoulder as the result of a motor vehicle accident. He underwent a lumbar laminectomy and fusion with insertion of titanium screws and rods, a two-level cervical fusion, and a left shoulder arthroscopy to repair the labral tear. The jury found that plaintiff sustained a causally related fracture, a significant limitation of use of a body function or system, and permanent consequential limitation of use of a body organ or member and awarded the aforementioned sums.
We find that the amounts awarded for past and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated (CPLR 5501[c]; compare e.g. Kusulas v Saco, 134 AD3d 772 [2d Dept 2015]; Mata v City of New York, 124 AD3d 466 [1st Dept 2015]; Halsey v New York City Tr. Auth., 114 AD3d 726 [2d Dept 2014]; Williams v City of New York, 105 AD3d 667 [1st Dept 2013]; Stewart v New York City Tr. Auth., 82 AD3d 438 [1st Dept 2011], lv denied 17 NY3d 712 [2011]).
The jury's award for future pain and suffering over 15 years, compared to the 33.4 years set forth in the life expectancy tables, was against the weight of the evidence since there was no basis in the record to support such a reduction in plaintiff's life expectancy (see generally Killon v Parrotta, 28 NY3d 101, 107-108 [2016]; compare e.g. Lolik v Big V Supermarkets, 266 AD2d 759, 761 [3d Dept 1999]; Blyskal v Kelleher, 171 AD2d 718, 719 [2d Dept 1991]).
We decline to disturb the award for future medical expenses, since it was within the jury's province to discredit the testimony of plaintiff's experts about the various surgeries that plaintiff will require in the future, particularly in light of plaintiff's own
testimony about his reluctance to undergo additional surgeries (see Natoli v City of New York, 180 AD3d 477, 478-479 [1st Dept 2020]; Freeman v Shtogaj, 174 AD3d 448, 450 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021