■ JULIA S. GASIOROWSKI, Respondent, v KEITH J. GASIOROWSKI, Appellant. [699 NYS2d 206] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Connor, J.), entered August 28, 1998 in Ulster County, *inter alia*, upon a verdict granting plaintiff a divorce.

At the conclusion of a jury trial, plaintiff was granted a divorce on the ground of cruel and inhuman treatment. Thereafter Supreme Court, following a bench trial, resolved the equitable distribution issues. Dissatisfied with the outcomes, defendant appeals.

Initially, defendant maintains that Supreme Court erroneously denied defense counsel's request on the day of the jury trial for an adjournment to enable defendant to attend. The fact that the trial date was set nine months earlier and that defendant's counsel offered only unsubstantiated reasons for his client's absence leads us to conclude that Supreme Court's denial of this request was not improvident (*see, Matter of Croce v Croce*, 236 AD2d 646, 647; *Rosato v Macier*, 222 AD2d 865, 866).

Defendant's contention that the proof at trial did not rise to the level necessary to permit a finding of cruel and inhuman treatment is unpersuasive. The testimony of plaintiff and her daughter established that defendant had on various occasions physically abused his wife, having forcefully pulled her hair, throttled her until she could not breathe, knocked her to the ground and also subjected her to psychological abuse by calling her vile and contemptible names and spitting on her. In the face of this abuse, in December 1996 plaintiff was forced to leave the marital residence and to obtain an order of protection. It is apparent from this record, notwithstanding the duration of this marriage, that continued cohabitation would be unsafe (*see, Echevarria v Echevarria*, 40 NY2d 262, 264; *Bailey v Bailey*, 256 AD2d 1030, 1031).

Also unwarranted is defendant's criticism that Supreme Court unfairly distributed the parties' pension benefits in that plaintiff was awarded a share of defendant's retirement benefits yet defendant received no part of plaintiff's pension. The parties' respective pension benefits, insofar as they were earned during the course of the marriage, undeniably consti-

tute marital property (see, Olivo v Olivo, 82 NY2d 202; Butler v Butler, 256 AD2d 1041, 1044-1045, lv denied 93 NY2d 805), the distribution of which turns on the evidence produced by the parties as to those particular circumstances enumerated in Domestic Relations Law § 236 (B) (5) (d) (see, Ciaffone v Ciaffone, 228 AD2d 949, 950). Here, Supreme Court had before it proof that the parties had been married for 17 years, that plaintiff was 19 years older than defendant (she was 63 years old), and that defendant was presently employed and had many more working years ahead of him, while plaintiff was retired, living on a modest pension, was not awarded spousal maintenance and would not even begin to collect a share of defendant's retirement benefits until (and if) she attained 74 years of age. With these circumstances prevailing, we cannot fault Supreme Court for its award (see, Munson v Munson, 250 AD2d 1004). Nor can we find fault with the ordered sale of the marital home and direction that plaintiff receive $113,000 of the proceeds to reflect her contribution to the purchase of the home from her separate premarital assets.

We have considered defendant's remaining arguments and find them to be without merit.

Cardona, P. J., Mikoll, Mercure and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.