█ PATRICIA E. CHERRY, Respondent, v PATRICK L. CHERRY, Appellant. [824 NYS2d 701]—

Appeal from a judgment of the Supreme Court, Chautauqua County (John T. Ward, Jr., A.J.), entered December 22, 2004 in a divorce action. The judgment, among other things, distributed certain marital property.

It is hereby ordered that said appeal insofar as it concerns retirement benefits be and the same hereby is unanimously dismissed and the judgment is affirmed without costs.

Memorandum: On appeal from a judgment of divorce that, inter alia, distributed certain marital property, defendant contends that Supreme Court erred in directing him to select a certain retirement benefit and that he did not agree to a retirement benefit that would provide for payments to plaintiff in the event that he predeceased her. Those contentions are not reviewable by this Court because defendant failed to include in the record on appeal the order that allegedly directed him to select that benefit, the motion papers seeking that relief, or any evidence concerning the parties' alleged agreement. Defendant, "as the appellant, submitted this appeal on an incomplete record and must suffer the consequences" (Matter of Santoshia L., 202 AD2d 1027, 1028 [1994]; see Polyfusion Elecs., Inc. v AirSep Corp., 30 AD3d 984 [2006]; Brown v Barron [appeal No. 3], 23 AD3d 1125 [2005]).

We reject the further contention of defendant that the court erred in refusing to award him a share of plaintiff's pension. Although it is well settled that pension benefits earned during a marriage are marital assets subject to equitable distribution (see Olivo v Olivo, 82 NY2d 202, 207 [1993]; Majauskas v Majauskas, 61 NY2d 481, 491-492 [1984]), it is equally well settled that the distribution of those assets is "subject to equitable considerations [, i.e.,] . . . considerations of fairness and the respective situations of the parties" (Butler v Butler, 256 AD2d 1041, 1045 [1998], lv denied 93 NY2d 805 [1999]). The record establishes that plaintiff is entitled to a minimal pension based upon her part-time employment as a school secretary, and the court awarded plaintiff the full value of that pension as part of its

overall distribution of marital property, after full consideration of the parties' respective financial situations. We thus perceive no reason to disturb the court's determination (*see Gasiorowski v Gasiorowski*, 267 AD2d 557, 557-558 [1999], *lv denied* 94 NY2d 762 [2000]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.