■ JUANA SANTANA, Respondent, v WESTERN BEEF RETAIL, INC., Doing Business as WESTERN BEEF SUPERMARKET, Appellant. [18 NYS3d 154]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Hart, J.), entered November 20, 2014, which granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law made on the issue of liability at the close of evidence and the plaintiff's separate motion pursuant to CPLR 4404 (a) to set aside, in effect, as contrary to the weight of the evidence, a jury verdict on the issue of damages, and granted the plaintiff a new trial on that issue.

Ordered that the order is affirmed, with costs.

On August 8, 2010, the plaintiff was walking in the produce section of the defendant's supermarket in Staten Island, when she allegedly slipped and fell on water that had been used to

spray vegetables. The plaintiff thereafter commenced this action against the defendant, and the case proceeded to trial on the issue of liability. Contrary to the defendant's contention, the trial court correctly granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, made at the close of evidence. In order to grant such a motion, a court, viewing the evidence in the light most favorable to the defendant, must conclude that there is no rational process by which the jury could base a finding in favor of the defendant (*see* CPLR 4401; *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Nestro v Harrison*, 78 AD3d 1032, 1033 [2010]). Here, there was no rational process by which the jury could find that the defendant was not liable for the happening of the accident. Upon the evidence presented, the jury could not rationally have concluded that the plaintiff did not fall as a result of the wet condition of the floor, or that the wet condition had not been caused by the defendant's spraying of the vegetables (*see generally Cook v Rezende*, 32 NY2d 596, 598-599 [1973]; *DiVetri v ABM Janitorial Serv., Inc.*, 119 AD3d 486, 487 [2014]; *cf. Ford v Mizio*, 274 AD2d 329 [2000]; *but cf. Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280, 281 [1994]).

After a trial on the issue of damages, the jury awarded the plaintiff the sum of $20,000 for past pain and suffering and $0 for future pain and suffering. The trial court correctly granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages, as that verdict was contrary to the weight of the evidence. The jury's determination that the plaintiff was not entitled to damages for future pain and suffering was inconsistent with the evidence that her shoulder injury was permanent in nature (*see Ramos v Noveau Indus., Inc.*, 29 AD3d 555 [2006]; *Ciatto v Lieberman*, 1 AD3d 553 [2003]; *Califano v Automotive Rentals*, 293 AD2d 436 [2002]). The award for past pain and suffering was also contrary to the weight of the evidence, as it could not have been reached on any fair interpretation of the evidence (*see Danseglio v Jemval Corp.*, 99 AD3d 853, 854 [2012]).

The defendant's remaining contentions are without merit.

Accordingly, the trial court correctly granted the plaintiff's motion to set aside the jury verdict on the issue of damages, and granted the plaintiff a new trial on that issue. Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.