Avissato v McDaniel (2019 NY Slip Op 00084)





Avissato v McDaniel


2019 NY Slip Op 00084


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-11549
 (Index No. 100144/15)

[*1]Nicholas C. Avissato, appellant, 
v
Andrew McDaniel, et al., respondents.


Krentsel & Guzman LLP, New York, NY (Steven E. Krentsel and Julie T. Mark of counsel), for appellant.
Correia, King, Fodera, McGinnis & Liferiedge, New York, NY (Michael Deguida-Derise of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated September 26, 2017. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside so much of a jury verdict as awarded him damages in the principal sum of only $12,500 for past pain and suffering and failed to award any damages for future pain and suffering as contrary to the weight of the evidence or inadequate and for a new trial on the issue of those damages.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages for past pain and suffering and future pain and suffering as contrary to the weight of the evidence and for a new trial on the issue of those damages is granted, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the issue of damages for past pain and suffering and future pain and suffering.
On January 17, 2015, the plaintiff was stopped at a red light located on Hylan Boulevard in Staten Island when his vehicle was struck in the rear by a vehicle operated by the defendant Andrew McDaniel and owned by the defendant Maria Rahman-Khalifa. The plaintiff commenced this action against the defendants to recover damages for personal injuries. After issue was joined, the plaintiff successfully moved for summary judgment on the issue of liability. Thereafter, a jury trial was held on the issue of damages. The jury returned a verdict finding, inter alia, that the subject accident was a substantial factor in causing the plaintiff's injuries, and that the plaintiff sustained a permanent consequential limitation of use of a body organ or member as a result of the accident. The jury awarded the plaintiff the principal sums of $12,500 for past pain and suffering and $12,500 for past medical expenses. However, the jury did not award him any damages for future pain and suffering. The plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict on the issue of damages for past pain and suffering and future pain and suffering, and for a new trial on the issue of those damages, arguing that the verdict was contrary to the weight of the evidence and that the awards for past pain and suffering and future pain and suffering materially deviated from reasonable compensation. The Supreme Court denied the motion, and the plaintiff appeals.
A jury verdict should be set aside as contrary to the weight of the evidence only if the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744; Nicastro v Park, 113 AD2d 129). Here, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict on the issue of damages for past pain and suffering and future pain and suffering, as the verdict with respect to those damages was contrary to the weight of the evidence. The jury's determination that the plaintiff was not entitled to damages for future pain and suffering was inconsistent with the jury's finding that his injuries were permanent in nature and were proximately caused by the accident (see Santana v Western Beef Retail, Inc., 132 AD3d 837; Ramos v Noveau Indus., Inc., 29 AD3d 555; Evers v Carroll, 17 AD3d 629; Ciatto v Lieberman, 1 AD3d 553; Califano v Automotive Rentals, 293 AD2d 436; Shaw v Jacobs, 279 AD2d 624). Furthermore, whereas the jury was presented with conflicting evidence and theories as to the cause of the plaintiff's injuries, and the jury's award for past pain and suffering was inexplicably low, it appears that the verdict with respect to damages for past pain and suffering may have been the result of an impermissible compromise (see Ciatto v Lieberman, 1 AD3d at 557; Roseingrave v Massapequa Gen. Hosp., 298 AD2d 377; Rivera v City of New York, 253 AD2d 597). Accordingly, we remit the matter to the Supreme Court, Richmond County, for a new trial on the issue of damages for past pain and suffering and future pain and suffering.
In light of our determination, the plaintiff's remaining contention has been rendered academic.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court