DeFisher v PPZ Supermarkets, Inc. (2020 NY Slip Op 04665)





DeFisher v PPZ Supermarkets, Inc.


2020 NY Slip Op 04665


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


372 CA 19-01298

[*1]KRISTEN DEFISHER AND PAUL DEFISHER, PLAINTIFFS-APPELLANTS,
v
PPZ SUPERMARKETS, INC., DOING BUSINESS AS PATON'S MARKET PLACE, AND BPMZ, LLC, DEFENDANTS-RESPONDENTS. 






ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ANDREW J. CONNELLY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (CHARLES C. SPAGNOLI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered November 26, 2018. The judgment was entered in favor of defendants upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this negligence action seeking to recover damages for injuries sustained by Kristen DeFisher (plaintiff) when she slipped and fell, allegedly due to water on the floor, in the vestibule of defendants' supermarket. Plaintiffs appeal from a judgment entered in favor of defendants based upon a jury verdict finding that there was no water on the floor where plaintiff fell. We affirm.
Plaintiffs contend that Supreme Court improperly reversed a purported factual finding in its earlier spoliation order by ruling, on the eve of trial, that defendants would be permitted to contest whether video footage that had not been retained would have captured the area where plaintiff fell. Plaintiffs failed to include the spoliation order in the record on appeal, however, and we are thus unable to review their contention (see Resetarits Constr. Corp. v City of Niagara Falls, 133 AD3d 1229, 1229 [4th Dept 2015]; Cherry v Cherry, 34 AD3d 1186, 1186 [4th Dept 2006]). Plaintiffs, " as the appellant[s], submitted this appeal on an incomplete record and must suffer the consequences' " (Cherry, 34 AD3d at 1186).
We reject plaintiffs' further contention that the court erred in denying their motion for a directed verdict made at the close of proof. It is well settled that "a directed verdict is appropriate where the . . . court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party . . . In determining whether to grant a motion for a directed verdict pursuant to CPLR 4401, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in [the] light most favorable to the nonmovant" (Brenner v Dixon, 98 AD3d 1246, 1247 [4th Dept 2012] [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]). Here, the parties introduced conflicting evidence regarding the existence of water on the floor where plaintiff fell, which presented a question of fact for the jury to resolve (see Grizzanto v Golub Corp., 188 AD2d 1015, 1015 [4th Dept 1992]; cf. Santana v Western Beef Retail, Inc., [*2]132 AD3d 837, 838 [2d Dept 2015]).
Plaintiffs also challenge the verdict on the ground that it is against the weight of the evidence. As a preliminary matter, we conclude that plaintiffs were not required to preserve their contention that the jury verdict was contrary to the weight of the evidence by making a postverdict motion for a new trial (see Evans v New York City Tr. Auth., 179 AD3d 105, 109-111 [2d Dept 2019]). Inasmuch as the trial court is authorized to order a new trial "on its own initiative" when the verdict is contrary to the weight of the evidence (CPLR 4404 [a]) and "the power of the Appellate Division . . . is as broad as that of the trial court" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), "this Court also possesses the power to order a new trial where the appellant made no motion for that relief in the trial court" (Evans, 179 AD3d at 110; see Bintz v City of Hornell, 268 App Div 742, 747 [4th Dept 1945], affd 295 NY 628 [1945]; see also CPLR 5501 [c]; Cohen v Hallmark Cards, Inc., 45 NY2d 493, 500 [1978]). To the extent that our prior decisions hold otherwise, they should no longer be followed (see e.g. Cyrus v Wal-Mart Stores E., LP, 160 AD3d 1487, 1488 [4th Dept 2018]; Likos v Niagara Frontier Tr. Metro Sys., Inc., 149 AD3d 1474, 1476 [4th Dept 2017]; Mazella v Beals, 124 AD3d 1328, 1329 [4th Dept 2015]; Barnes v Dellapenta, 111 AD3d 1287, 1288 [4th Dept 2013]; Lucas v Weiner, 99 AD3d 1202, 1202-1203 [4th Dept 2012]; Harris v Stoelzel, 96 AD3d 1459, 1459-1460 [4th Dept 2012]; Murdoch v Niagara Falls Bridge Commn., 81 AD3d 1456, 1457 [4th Dept 2011], lv denied 17 NY3d 702 [2011]; Homan v Herzig [appeal No. 2], 55 AD3d 1413, 1413-1414 [4th Dept 2008]).
Contrary to plaintiffs' contention, however, the verdict is not against the weight of the evidence. It is well settled that a verdict may be set aside as against the weight of the evidence only if "the evidence so preponderate[d] in favor of the [plaintiffs] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]). Here, the conflicting evidence regarding the existence of the alleged dangerous condition raised a question of credibility to be resolved by the jury (see Parr v Mongarella, 77 AD3d 1429, 1430 [4th Dept 2010]), and we conclude that "the jury's determination that there was no water on the [floor of the vestibule] where the incident occurred was supported by a fair interpretation of the evidence" (Grullon v West 48th St. Redevelopment Corp., 75 AD3d 621, 623 [2d Dept 2010]).
We have reviewed plaintiffs' remaining contentions and conclude that they lack merit.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court