Abdelall v Niagara Frontier Tr. Metro Sys., Inc. (2021 NY Slip Op 02902)





Abdelall v Niagara Frontier Tr. Metro Sys., Inc.


2021 NY Slip Op 02902


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


204.1 CA 20-00037

[*1]HABIBA ABDELALL, PLAINTIFF-RESPONDENT,
v
NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., AND NIAGARA FRONTIER TRANSPORTATION AUTHORITY, DEFENDANTS-APPELLANTS. 






RUSSO & TONER, LLP, NEW YORK CITY (JOSH H. KARDISCH OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
CONNORS LLP, BUFFALO (LAWLOR F. QUINLAN, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 13, 2019. The judgment, among other things, adjudged that defendants were liable for plaintiff's injuries. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Defendants appeal from a judgment entered upon a jury verdict that, inter alia, found that they were liable for injuries sustained by plaintiff when she was struck by an open panel on one of defendants' passing buses. The panel protruded approximately 30 inches from the side of the bus at an obtuse angle, and it struck plaintiff while she was standing on the side of the road.
Contrary to defendants' contention, Supreme Court properly allowed plaintiff's expert to testify. It is well established that
" 'opinion evidence must be based on facts in the record or personally known to the witness' " (Hambsch v New York City Tr. Auth., 63 NY2d 723, 725 [1984]; see Tornatore v Cohen, 162 AD3d 1503, 1504-1505 [4th Dept 2018]). Here, the expert's opinions were not "speculative or devoid of factual support in the record," but instead were properly "based on photographs and testimony of the witnesses" (Pember v Carlson, 45 AD3d 1092, 1094 [3d Dept 2007]; see also Morreale v Froelich, 125 AD3d 1280, 1281 [4th Dept 2015]). Defendants failed to preserve their challenge to the expert's use of a latch and key for demonstration purposes (see generally CPLR 5501 [a] [3]; Shoemaker v State of New York, 247 AD2d 898, 898 [4th Dept 1998]).
Defendants further contend that the court erred in charging the jury with respect to the doctrine of res ipsa loquitur because plaintiff failed to establish that the latch securing the panel was " 'within the exclusive control' " of defendants (James v Wormuth, 21 NY3d 540, 546 [2013], quoting Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]). We reject that contention. "[E]xclusivity of control is 'a relative term, not an absolute', because the permissible inference of negligence under the res ipsa loquitur doctrine is grounded on the remoteness of any probability that the negligent act was caused by someone other than the defendant" (Wen-Yu Chang v Woolworth Co., 196 AD2d 708, 708 [1st Dept 1993]). Here, the evidence supporting exclusivity of control afforded a rational basis for concluding that " 'it is more likely than not' " that plaintiff's injuries were caused by defendants' negligence (Kambat, 89 NY2d at 494; see Backus v Kaleida Health, 91 AD3d 1284, 1286 [4th Dept 2012]). Specifically, the trial testimony established that defendants' maintenance workers manipulated the panel the day before the accident in order to perform routine maintenance, and there was no testimony that anyone else, such as a vandal, tampered with the latch or panel between that maintenance work and the [*2]accident (see Nesbit v New York City Tr. Auth., 170 AD2d 92, 98-99 [1st Dept 1991]; cf. Dermatossian v New York City Tr. Auth., 67 NY2d 219, 228 [1986]).
Contrary to defendants' contention, the court properly refused to charge the jury with respect to the emergency doctrine. Here, the bus driver was not aware that she was operating the bus with the panel open, and thus the emergency doctrine does not apply (see Starkman v City of Long Beach, 106 AD3d 1076, 1078 [2d Dept 2013]).
Contrary to defendants' next contention, the court properly denied their motion for a directed verdict. Viewing the evidence in the light most favorable to plaintiff and affording her every available inference (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]), we conclude that the parties' conflicting evidence presented a question of fact for the jury to resolve (see Defisher v PPZ Supermarkets, Inc., 186 AD3d 1062, 1062-1063 [4th Dept 2020]). To the extent that defendants contend that the verdict is against the weight of the evidence, we likewise reject that contention (see id. at 1063-1064; see generally Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]).
Defendants failed to preserve their challenge to the instructions that the court provided to the jury after the jury returned its initial, inconsistent verdict (see CPLR 4111 [c]), both because they failed to object to the instructions before the jury resumed deliberations and because the objection that defendants' attorney eventually did make failed to bring the court's attention to the grounds raised on appeal (see generally Byrd v Genesee Hosp., 110 AD2d 1051, 1052 [4th Dept 1985]).
We have reviewed defendants' remaining contention and conclude
that it does not require reversal or modification of the judgment.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court